**META M. JOHNSON**, individually and as next friend and Natural Guardian of **FRANCES ANNE MITCHELL**, a minor, v. **MIDLAND CONSTRUCTORS, INC.**, a corporation, **NEW AMSTERDAM CASUALTY COMPANY**, a corporation, and **THE FLORIDA INDUSTRIAL COMMISSION**.

7 So. (2nd) 449                        En Banc
April 7, 1942            Rehearing Denied April 28, 1942

Miller & Fitzsimmons, W. Gerry Miller and J. A. Fitzsimmons, for appellants;

William B. Bond, for appellees, Midland Constructors, Inc., and New Amsterdam Casualty Company, Walter E. Rountree, for appellees, Florida Industrial Commission.

BUFORD, J.:

This cause is before us on appeal from an order of the Honorable C. E. Chillingworth, Circuit Judge of the Fifteenth Judicial Circuit of Florida, dismissing the appeal of Meta M. Johnson, individually and as next friend and natural guardian of Frances Anne Mitchell, a minor, which appeal was taken from an order of a Deputy Commissioner of the Florida Industrial Commission after the said Order of the Deputy Commissioner denying the claim of the claimants had remained filed in the office of the Florida Industrial Commission for more than 7 days and within 20 days after such order was so filed.

We are not concerned here with the merits of the claim but the only question which we are called upon to determine is whether or not under the Workmen's Compensation Act of Florida as amended by Chapter 20672, Acts of 1941, appeal may be taken to the Circuit Court from an order which has been made by a Deputy Commissioner and has remained on file in the office of the Florida Industrial Commission for a period of seven days without affirmative action having been taken by the full Commission as to such order.

The Circuit Judge held that such appeal did not lie and, therefore, dismissed the appeal.

Sub-paragraph (d) of Sec. 7 of Chapter 20672, Acts of 1941, amending Sec. 25 of Chapter 17481, Acts of

1935, as amended by Chapter 18413, Acts of 1937, provides as follows:

"The order or award rendered by the Deputy Commissioner shall become final seven days after the same is filed in the office of the Commission at Tallahassee, unless within said time any interested party may make and file in the office of the Deputy Commissioner who rendered such award an application for a review thereof by the full Commission; as soon as practicable after receiving such application, the Deputy Commissioner shall have prepared a transcript of the evidence adduced at the hearing before him, to which he shall attach his certificate, and shall return the same together with the file on such claim including the application for review. The full Commission shall consider the matter upon the record as prepared and certified by the Deputy Commissioner, and shall thereafter affirm, reverse or modify said award, or remand to a Deputy Commissioner for further proceedings. The order of the full Commission shall be filed in the office of the Commission, and shall become final twenty days thereafter, unless either party shall file a notice of appeal to the Circuit Court in accordance with Section 27. If remanded, the Deputy Commissioner shall proceed as the full Commission may direct."

Section 8 of Chapter 20672, Acts of 1941, amending Section 27 of Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, inter alia, provides:

"Section 27. (a) Either party may appeal as a matter of right.

(b) The Florida Industrial Commission shall be made a party to every appeal under this section.

(c) If not in accordance with law, the compensation order or award of the full Commission may be ap-

pealed by any party in interest to the Circuit Court in the Circuit where the injury occurred within twenty days after the compensation order or award is filed in the office of the Commission in Tallahassee."

As we construe these two provisions in connection with the other provisions of the Acts involved, the rationale is that when the order or award rendered by the Deputy Commissioner. is filed in the office of Florida Industrial Commission at Tallahassee either party may apply, within seven days after such filing, for a review by the full Commission; but, if no such application for review be filed (within said seven days), then the order or award of the Deputy Commissioner becomes, by operation of law, the order or award of the Florida Industrial Commission, and Florida Industrial Commission is then relieved of the burden of reviewing that order. Thereafter, and within 20 days from the date of the filing of such order in the office of Florida Industrial Commission at Tallahassee, either party to the cause, considering himself aggrieved by such order, may appeal to the Circuit Court for review of that order which, as stated supra, has by operation of law become the order or award of Florida Industrial Commission.

We do not think that Section 9 of Chapter 20672, Acts of 1941, amending Section 28 of Chapter 17481, Acts of 1935, has any bearing on the questions presented here. It is sufficient to say that when the appeal from the order here involved was perfected to the Circuit Court the jurisdiction of the questions there involved became lodged in the Circuit Court and when appeal was taken from the order of the Circuit Court to the Supreme Court, the jurisdiction of the matters involved became lodged in this Court.

**ERRATA:**

Meta Johnson, individually and as
next friend, etc.,

                Appellant,

     -vs-

Midland Constructors, Inc.,
et al.,

                Appellees.

The report of the above opinion and judgment is 150 Florida 353, 357.

Mr. Justice Thomas should be shown as dissenting to the opinion and judgment of the Court, and Mr. Justice Adams, should be shown as concurring.

The conclusion of the Justices to the opinion and judgment of Mr. Justice Buford was

Whitfield, Chapman and Adams, JJ., concur.

Brown, C. J., Terrell and Thomas, JJ., dissent.

The appeal from the order of the Deputy Commissioner which had become, by operation of law, the order of Florida Industrial Commission was properly and timely taken and the Circuit Court of the Fifteenth Judicial Circuit of Florida thereby acquired jurisdiction to review the matters properly presented for review.

The order appealed from is reversed and the cause remanded for further preceedings not inconsistent with the views herein expressed.

So ordered.

WHITFIELD, CHAPMAN, and THOMAS, JJ., concur.

BROWN, C. J., TERRELL, and THOMAS, JJ., dissent.