GEORGE WEAVER WALKER v. TELFAIR STOCKTON COMPANY, et al.

12 So. (2nd) 177                                        January Term, 1943
March 2, 1943                                                    Division B

*Frank R. Greene,* for appellant.
*Thomas B. Barton,* for appellee.

THOMAS, J.:

The facts essential to a decision of this appeal are simple. The award of a deputy commissioner was filed in the office of the Florida Industrial Commission and became final seven days later, no interested party having requested a review by the whole commission, Section 25 (d), of Chapter 17481, Laws of Florida, 1935, as amended by Section 7 of Chapter 20672, Laws of Florida, 1941 (Florida Workmen's Compensation Act), Paragraph (4), Section 440.25, Florida Statutes, 1941. The notice of appeal to the circuit court was lodged more than twenty days after the deputy's order was filed, but within twenty days from the expiration of the seven-day period when the order became that of the full commission under the provision of the above cited statute.

The gist of the dispute, consequently, is the point of time from which the period for taking an appeal should be computed: the day the deputy's report is filed (as insisted by appellee)., or the seventh day thereafter when it becomes absolute (as asserted by appellant). The circuit judge adopted the former view when he granted the motion to dismiss.

Appellee leans heavily upon the opinion of this Court in Johnson v. Midland Constructors, Fla., 7 So. (2nd) 449, but it is our view that that decision may not be relied upon to dispose of the instant controversy.

It was expressly stated there that the "only question" under consideration was "whether . . . appeal may be taken . . . from an order which has been made by a deputy commissioner and has remained on file . . . 7 days without

*affirmative action having been taken by the full Commission* as to such order." (Italics supplied). A majority of the Court decided the question in the affirmative. To demonstrate the inconclusiveness of that ruling when applied to the present case we need but add that an examination of the original file has disclosed that the notice of appeal was taken within twenty days after the filing of the preliminary award, and was therefore within the prescribed time under either construction.

In these circumstances the language employed in that decision: "Thereafter, and within 20 days from the date of the filing of such order . . . either party to the cause, considering himself aggrieved by such order, may appeal to the circuit court for review of that order which, as stated supra, has by operation of law become the order or award of Florida Industrial Commission" is not determinative of the point we are considering. The cited case is authority, however, for the proposition that the order of the deputy commissioner becomes that of the commission when seven days have elapsed after its filing, no application having been made meanwhile for a review by that body, and is appealable.

Under the statute, paragraph (3), Section 440.27, Florida Statutes, 1941, it is the "order . . . of the full commission" which may be appealed "within twenty days after the compensation order or award is filed in the office of the commission in Tallahassee." It is true that a majority of the Court has held that there is no need for the whole commission to file such an order when that of the deputy has become theirs by operation of law, however, that does not affect the manner of computing the period for taking the appeal. The award of the deputy being raised to the dignity of an order of the commission by lapse of time and in the absence of a request for review, it is the latter and not the former from which an appeal may be taken. No appeal being authorized until it reaches the higher status that is the point from which the time for taking the appeal should be reckoned.

Notice of appeal in this case was filed within twenty days from the time that the deputy's order became final and the court committed error in granting a dismissal, therefore, the

order is reversed with directions to entertain the matter on its merits.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.