**TIGERTAIL QUARRIES, INC.**, a corporation, Employer, **GREAT AMERICAN INDEMNITY COMPANY**, a corporation, Insurance carrier, and **FLORIDA INDUSTRIAL COMMISSION**, v. **BIRDIE WARD**, individually and as next friend and natural guardian of Geneva Ward, a minor, claimants.

16 So. (2nd) 812            January Term, 1944
February 29, 1944              En Banc

*McKay, Dixon & DeJarnette* and *A. Lee Bradford,* for appellants.

*Roach & Hoyle,* for appellees.

SEBRING, J.:

Gladstone Ward, an employee of Tigertail Quarries, Inc., came to his death by accident in the course of his employment. At the time of his death he was married to Birdie Ward, although she and the decedent were not living together at the time of the fatal accident, having been separated for approximately eight months. The parties had one daughter, Geneva Ward, who was under the age of eighteen years. Birdie Ward and Geneva Ward filed claims for compensation under the Florida Workmen's Compensation Law. The claim of Geneva Ward was admitted. The claim of the widow was controverted. A full hearing on Birdie Ward's right to compensate was then held before a deputy commissioner of the Florida Industrial Commission. The deputy commissioner denied her claim. No application for a review of the deputy commissioner's order was made to the full Commission. Instead, an appeal was taken directly from the deputy commis-

sioner's order to the Circuit Court of Broward County. The employer and the carrier filed motions to dismiss the appeal on the ground that under the Florida Workmen's Compensation Law an appeal directly from a deputy commissioner's order or award will not lie to the circuit court. The motions were denied and the circuit court entertained the appeal upon the record made before the deputy commissioner. Thereafter, judgment was entered reversing the deputy commissioner's order denying the claim of Birdie Ward, the circuit court finding that Birdie Ward, as widow, was entitled to compensation for the death of her husband. This appeal is from the judgment of the circuit court.

Two questions are presented upon this appeal: (1) Will appeal lie to the circuit court from an order of a deputy commissioner in a compensation case, without a review of said order having first been had by the full Commission? and (2) Was decedent's wife dependent for support upon decedent and living apart from him at the time of his death for justifiable cause? We shall consider the questions in inverse order.

The deputy commissioner who took the testimony found that the claimant, Birdie Ward, was not entitled to compensation. A close study of the evidence convinces us that his order was correct and should have been affirmed. To entitle a widow to compensation under the Workmen's Compensation Law for the death of her husband resulting from accidental injury in the course of his employment she must have been "living with him at the time of his injury and death, or dependent for support upon him and living apart at said time for justifiable cause." Sec. 440.02(15) Florida Statutes, 1941. It is admitted that the parties were not living together at the time of the injury and death. It was incumbent upon the claimant, therefore, to bring herself within the language of the act by showing that she was living apart from her husband for justifiable cause and that she was actually dependent upon him for support at the time of his death. We think that she has failed to prove either element.

The record shows that the wife left the husband voluntarily although he attempted to persuade her to stay. During

the separation she worked when she could find work to do. If we understand the testimony correctly, she was living with another man for at least three or four months prior to the death of her husband. She asserts that this man was merely a roomer in her household, but we think this highly improbable for upon at least one occasion she referred to this third party as "her husband." The "roomer" bought furniture and placed it in the three-room house occupied by the parties. Several times the claimant was seen lying in his bed, although not with him. Her clothes were seen draped upon his bedstead, her shoes were under his bed. During this period of separation she never made any move to return to her lawful husband. Some of the witnesses testified that during the separation the husband gave small sums of money to his wife and bought her food from time to time. Testimony on this point is not convincing. Apparently it was not believed by the deputy commissioner who conducted the hearing. But even if occasional contributions were made, the wife was not legally entitled to support from the husband under the circumstances. Althought it may be the duty of a husband to provide a home and living expenses for the wife, it is the duty of the wife to live in the home he provides for her if she desires to enjoy the benefit. She cannot leave that home at pleasure, abandon the husband without justifiable cause and then require him to maintain her. Thompson v. Thompson, 86 Fla. 515, 98 So. 589.

In our opinion the claimant has failed to show that at the time of the death of her husband she was living apart from him for justifiable cause, or that she was actually dependent upon him for support.

The next, and final, question presented concerns the procedure adopted by the claimant to review the adverse order or award of the deputy commissioner. Applicable provisions of the compensation statutes dealing with procedure for the review of orders or awards are as follows:

"The order or award rendered by the deputy commissioner shall become final seven days after same is filed in the office of the commission at Tallahassee, unless within said time any interested party may make and file in the office of the deputy

commissioner who rendered such award an application for a review thereof by the full commission; . . . The full commission shall consider the matter upon the record . . . and shall thereafter affirm, reverse or modify said award, or remand to a deputy commissioner for further proceedings. The order of the full commission shall be filed in the office of the commission, and shall become final twenty days thereafter, unless either party shall file a notice of appeal to the circuit court in accordance with Section 440.27." Section 440.25 (4) Florida Statute, 1941.

"If not in accordance with law, the compensation order or award of the full commission may be appealed by any party in interest to the circuit court in the circuit where the injury occurred within twenty days after the compensation order or award is filed in the office of the commission in Tallahassee." Sec. 440.27 (3) Florida Statutes, 1941.

In Johnson v. Midland Constructors, Inc., 150 Fla. 353, 7 So. (2nd) 449, this Court construed the compensation statutes here under consideration. By a divided court the conclusion was reached that where no application for review of the deputy commissioner's order or award was filed within seven days after such order was filed in the office of the Industrial Commission, the order rendered by the deputy commissioner became, by operation of law, the order of the full Commission, and said order could thereafter be reviewed by the circuit court on appeal, if entry of appeal was filed within twenty days from the date of the filing of such order in the office of the Commission at Tallahassee. The effect of the holding of the court was that appeal would lie directly to the circuit court from the order or award of a deputy commissioner.

We are reluctant, ever, to disturb a prior decision of this Court, and we would not do so in this case were we not convinced, from a further examination of the law, that the plain words of the statutes regulating appeals in compensation statutes compel us to do so. As we now construe Sections 440.25, 440.27 Florida Statutes 1941, however, no right of appeal is given to the circuit court from the order or award of the deputy commissioner; only the right to appeal from

an order or, award of the full Commission being provided by the Statutes. When an order or award of a deputy commissioner is filed in the office of the Commission at Tallahassee, an aggrieved party may move within seven days to have the deputy commissioner's order reviewed by the full Commission. If no application for review by that body is filed within the seven-day period such order or award becomes final, so far as the further right of review by the courts, by way of appeal, is concerned; and is conclusive and binding as to all interested parties. If application for review of the deputy commissioner's award or order is sought by an interested party the statute requires that "the full commission shall consider the matter upon the record . . . and shall thereafter affirm, reverse, or modify said award. . . ." It is this latter order—that is, the order of the full Commission on review— that is appealable to the circuit court, when appeal is taken by a party in interest within twenty days after the order on review if filed in the office of the Commission at Tallahassee.

We think that this conclusion is in accord with reason, and the statutory scheme for disposal of such cases. Jurisdiction of the circuit courts to review proceedings or decisions of the Florida Industrial Commission, by way of appeal, is conferred only by the quoted statutes and exists solely by virtue of such statutory enactments. The right of appeal from this administrative agency being a purely statutory privilege and not a constitutional right it is subject to the limitations and restrictions imposed by the statutes which define and create the privilege. Unless the procedure provided by the statutes is substantially compiled with (or unless, under the law, the jurisdictional prerequisites to obtaining appellate jurisdiction may be, and are, waived as to the cause, or as to the parties, or as to both) the circuit court is without power to determine the controversy under appellate process. South Atlantic S. S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675.

No application for review of the order of the deputy commissioner by the full commission was ever had, or asked for, but appeal was attempted directly to the Circuit Court of

Broward County. In fairness to counsel and the able trial judge who entertained the appeal, it should be said that under the court's prior interpretation of the statutes this was a proper method of review. Johnson v. Midland Constructors, Inc., *supra*. It is only in the light of our conclusions now presently expressed that we disapprove such procedure.

From the conclusions reached it follows that the holding of the court in Johnson v. Midland Constructors, Inc., 150 Fla. 353, 7 So. (2nd) 449, is hereby overruled as no longer controlling, and that the judgment of the trial court, so far as the Birdie Ward claim is concerned, is hereby reversed.

It is so ordered.

TERRELL, BROWN and CHAPMAN, JJ., concur.

BUFORD, C. J., and ADAMS, J., concur in part and dissent in part.

THOMAS, J., not participating.

BUFORD, C. J., concurring in part and dissenting in part:

We can concur in all that is said by Mr. Justice SEBRING in the opinion filed herewith as to the determination of question Two (2), but we cannot concur in the treatment of, nor with the conclusion which he has postulated as to question One (1).

Our conclusion is that as the order of the deputy commissioner was entered by him on the 5th day of January, 1943, and was filed with the Industrial Commission on the 7th day of January, 1943, it became final (as the judgment of the full commission) because of no petition for review having been filed at the expiration of seven days after having been so filed.

It, therefore, follows that by automatic affirmance, the order of the deputy commissioner became on January 14, 1943, final as the judgment of the full commission. It also follows that although the notice of appeal recites that the appeal is from the order of the deputy commissioner "dated and signed the 5th day of January, 1943, and filed with the Florida Industrial Commission on January 7, 1943" it is, by

operation of law, an appeal from the final judgment or award of the full commission.   See Johnson v. Midland Constructors, Inc., 150 Fla. 353, 7 So. (2nd) 449.

We, therefore, adhere to our holding in this regard as promulgated in Johnson v. Midland Constructors, Inc., supra, but agree to order of reversal for the reasons stated by Mr. Justice SEBRING in his treatment of question Two (2).

So ordered.

ADAMS, J., concurs.