**CITY OF MIAMI v. DAN SACO and FLORIDA INDUSTRIAL COMMISSION.**

24 So. (2nd) 115
December 4, 1945
Rehearing denied January 9, 1946

June Term, 1945
Division B

*J. W. Watson, Jr.,* and *John M. Murrell,* for appellant.

*Louis M. Jepeway* and *Raymond E. Barnes,* for appellees.

SEBRING, J.:

A motion has been made by appellees to dismiss an appeal from a judgment of the circuit court affirming an award made by the Florida Industrial Commission under the Workmen's Compensation Law. Grounds of the motion to dismiss the appeal are: (1) Said appeal is not made returnable to a day more than thirty or less than sixty days from the date the order of the circuit court was filed in the office of the Florida Industrial Commission; (2) There is no return date fixed in the notice of appeal, which is contrary to the statutes in such cases made and provided; (3) said notice of appeal is fatally defective in that it fails to fix a return date to the Supreme Court of Florida; (4) There being no return date fixed in the notice of appeal, the Supreme Court of Florida is without jurisdiction to consider the appeal on the merits.

The Florida Industrial Commission is an administrative agency created by statute. Jurisdiction of the courts of the state to entertain proceedings originally begun before such administrative agency by way of review or appeal, exists solely by virtue of the statutes creating and defining the powers of this state agency. Such right of review or appeal by the courts is a statutory privilege and not a constitutional right, and is subject to the limitations, conditions and restrictions imposed by the statutes which define and create the privilege. Unless the conditions imposed by the statute are substantially complied with, the courts are without jurisdiction to entertain such proceedings under appellate process. South Atlantic S. C. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675; Tigertail Quarries, Inc., v. Ward, 154 Fla. 122, 16 So. (2nd) 812.

Section 440.27 Florida Statutes 1941 provides the only method of procedure by which aggrieved parties in workmen's compensation cases may invoke the jurisdiction of the courts of the state to have compensation orders or awards of the Florida Industrial Commission reviewed by way of appeal. Applicable provisions of the section are as follows:

"(3) If not in accordance with law, the compensation order or award of the full commission may be appealed by any party in interest to the circuit court in the circuit where the injury occurred within twenty days after the compensation order or award is filed in the office of the commission in Tallahassee. . . . "

"(4) An appeal from the order or award of the full commission to the circuit court shall be taken by filing a written notice with the commission. Said notice of appeal shall be served personally, or by mailing a true copy thereof by registered mail within five days after same is filed with the commission, to the attorney of record for the interested parties, or to the interested parties, at the address used by the full commission in mailing the copy of its order or award. *The notice shall fix the return day of the appeal. The appeal shall be returnable from the commission to the circuit court to a day more than thirty days, and not more than sixty days from the date the order or award appealed from is filed in the office of the commission.*" (Italics supplied).

"(12) Any interested party may appeal to the supreme court from such orders of the circuit court, within the same period of time *and following the same procedure as is used in appeals from orders of the full commission to the circuit court.*" (Italics supplied).

It will be observed that by the terms of the statute the notice of appeal in cases appealed from the order or judgment of the circuit court to the supreme court must fix a return date, and that such return date must be to a day more than thirty and not more than sixty days from the date such order or judgment was filed in the office of the Florida Industrial Commission. This requirement of the statute was not followed in the present appeal.

The appellant maintains that it is not necessary to fix a return date in the notice of appeal, in view of Rule 2 of the Rules of Practice governing appeals to the Supreme Court of Florida, which in terms abolishes return days of appeals. We think that the appellant misapprehends the scope and effect of Rule 2. The rule controls all appeals taken in law actions, equity suits, and proceedings under statutes which give a right of action and appeal but are entirely silent as to the jurisdictional methods by which such an appeal is to be perfected. But the rule does not apply to proceedings begun under the Workmen's Compensation Law, the rights of the parties thereunder being only such as are expressly given by statute.

The motion to dismiss should be granted, and the appeal should be dismissed for failure of the appellant to observe the statutory requirements necessary to give this court jurisdiction of the appeal.

It is so ordered.

CHAPMAN, C. J., TERRELL and THOMAS, JJ., concur.

BUFORD, J., concurs in opinion and judgment.

BROWN and ADAMS, JJ., dissent.

BROWN and ADAMS, JJ., dissenting:

I must dissent. We have held that when an award of the Industrial Commission gets into the Circuit Court by statutory appeal, it for the first time, becomes a "case" within the meaning of Sec. 5 of Art. V of Const., and therefore appeal lies under the Constitution to this Court from the decision of the Circuit Court, as in other "cases" arising in the Circuit Court. We have also held that this court has inherent, as well as statutory, authority to regulate by rule all matters of appellate procedure. Therefore, when we adopted Rule 2 of Supreme Court Rules, that rule was intended to afford a uniform method for taking appeals to this Court, and in my opinion superseded all statutory provisions to the contrary. To hold otherwise would create confusion and uncertainty.