ROBERTS, Justice.
The appellant has appealed from an order of the Circuit Court in and for Clay County, Florida, affirming an order of the Florida Industrial Commission entered in a workmen’s compensation case, and the ap-pellee has filed a motion to dismiss such appeal on the ground that the appellant failed to follow the appellate procedure prescribed 'by the Workmen’s Compensation Act, Section 440.27, Florida Statutes, F.S.A.
The sole issue here is whether appeals in compensation cases are required to be perfected in accordance with the provisions of the Workmen’s Compensation Act, or whether such appeals may be perfected in accordance with the provisions of Chapter 59, Florida Statutes, F.S.A., the so-called Uniform Appeals Act, enacted in 1945 by Chapter 22854, Laws of Florida, Acts of 1945.
- It is the contention of the appellant that the Unifo-rm Appeals Act provides an alternative. method of procedure in appeals in workmen’s compensation cases because of *61 the provisions of Section 59.01(2) of such Act that “This chapter shall also be applicable: ‘(a) As a uniform alternative method of taking appeals from orders of state boards, commissions, and other bodies, where appeals from such orders are permitted by law”, and also because of the language of Section 59.43 of such Act, providing that “This chapter shall' govern appellate review and proceedings in all courts and cases, including appellate proceedings from boards, commissions, and other bodies where provided for by law, where not otherwise expressly provided, and where otherwise provided may be used as an alternative method of review.”
As originally enacted, the Workmen’s Compensation Act, Chapter 17481, Laws of Florida, Acts of 1935, provided in general terms for an appeal to a Circuit Court from an order of the Commission within thitty days after the compensation order was filed, and for an appeal to the Supreme Court from the Circuit Court’s order within thirty days after the decision of the Circuit Court. In 1937, by Chapter 18413, the provisions of the 1935 Act respecting appeals from compensation orders were amended to provide specifically for the procedure to be followed in perfecting such appeals. The time limit of thirty days for filing an appeal was retained in the 1937 Act, and it was further provided therein that the notice of appeal should specify a return date “more than thirty days and not more than ninety days from the date of the judgment, or award appealed from.” .
In 1941, by Chapter 20672, the appeals procedure- in compensation cases was again amended. By the 1941 amendment, the time for taking an appeal was shortened to twenty days, and the return date was also shortened to require that the appeal should be returnable to the Circuit Court from the Commission more than thirty and not more than sixty days from the date the order or award appealed from was filed in the office of the Commission. The same time limit was specified for appeals to this court from the order of the Circuit Court. The 1941 Act provided, also, that “Except in cases where it is inconsistent herewith, the statutes and rules governing appeals in chancery shall govern appeals in compensation cases.” Section 440.27(8), Florida Statutes, F.S.A. This provision was reenacted by the Legislature in 1947 in an amendatory act, Chapter 23908, Laws of Florida, Acts of 1947, which was, of course, subsequent to the enactment of the Uniform Appeals Act, Chapter 22854, Laws of Florida, Acts of 1945.
From the history of the Workmen’s Compensation Act, recounted above, it is apparent that in this particular class of cases it is the policy of the Legislature to provide a speedy method of appeal in order to secure to injured workers as quickly as possible the compensation provided for them under the Act and upon which they and their families must depend for food and shelter during the period of disability of the wage earner. To effect a change in this established and salutary policy would seem to require an express legislative mandate, directed specifically to appeals in workmen’s compensation cases. This, the 1945 Uniform Appeals Act did not do.
We are confirmed in our view that the Legislature did not intend the provisions of the 1945 Uniform Appeals Act to apply to appeals in workmen’s compensation cases by the fact that, as noted ábove, it re-enacted in 1947 the provisions of the 1941 Act, Chapter 20672, providing, in effect, that the appellate procedure prescribed by the Workmen’s Compensation Act should control in cases of inconsistency between such provisions and those of the general law and rules of court respecting appeals.
While the impact of Chapter 59 on the appeal provisions of the Workmen’s Compensation Act was not discussed by this court in the cases of City of Miami v. Saco, 156 Fla. 634, 24 So.2d 115, and Davis v. Combination Awning & Shutter Co., Fla., 47 So.2d 436, we held that the appellate provisions of the Workmen’s Compensation Act must be followed in perfecting appeals to this court in such cases, and rightly so.
For the reasons stated, the appellee’s motion to dismiss the appeal in the instant case is granted.
*62 SEBRING, C. J., TERRELL, HOBSON, and DREW, JJ., and FABISINSKI, Associate Justice, concur.
THOMAS, J., dissents.