MATHEWS, Justice.
This is a Workmen’s Compensation case. At the hearing before the Deputy, he found against the appellant. On appeal to the Full Commission, the Deputy was affirmed,, and on appeal to the Circuit Court, under the old practice, the Full Commission was-affirmed. This is an appeal from the order of the Circuit Judge.
The appellant claims that at the time of the death of Joseph A. Pérsico she was his common-law wife. This is the principal question in this case.
The parties first met in 1948 and claimed to have lived together as husband and wife, starting on June 2, 1949. What happened and what was said by the parties to create this common-law marriage relationship is unimportant here. In July of 1952 the parties had so lived or so conducted them *684 selves that they considered themselves to be a common-law husband and wife. There had been many arguments between them.
In July of 1952 they had one of these arguments and on August 1, 1952, suit was instituted by the appellant for a divorce. A hearing was had before the Special Master on August' 21, 1952, at which -time Joseph Pérsico was registered at the Regal Hotel in Miami Beach, Florida. On August 24, 1952, the appellant delivered certain papers to Joseph Pérsico at his hotel. She stayed with him all night and they are supposed to have reconciled their differences,, The next day they moved back to their apartment and continued to live .together as man and wife.
On the 29th day of August, 1952, a final decree of divorce was signed and the fact that it had been sighed was brought to the attention of the parties. They took no steps in the Circuit Court to set aside said final decree of divorce or to call to the attention of the Circuit Court the fact that they were living together at the time the final decree was signed. Said final decree 'of divorce has never been set aside, annulled, modified or attacked in the Circuit Court, notwithstanding the fact that the parties had actual knowledge of the signing of the said decree within sufficient time to make an attack upon it.
The question presented to the deputy was whether or not there had been a re-marriage by ceremony or by common-law after the signing and entry of the final decree of divorce. This question was .presented to the deputy and he found against the appellant.
The facts in the. case of Navarro, Inc., v. Baker, Fla., 54 So.2d 59, are entirely different from the facts in this case and are not controlling.
In this case there were conflicts in the testimony and it was in the sole province of the deputy to determine the credibility of the witnesses and to reach a conclusion based upon the testimony. The ' testimony was 'sufficient to justify the findings of the deputy and where there is any competent testimony justifying the findings of the deputy, the same should not be disturbed on appeal.
The testimony of the appellant given before the deputy negatived the contention that a common-law marriage had been consummated after the decree of divorce had been signed. Dr. Mortimer D. Abrashkin, testified as follows:
"Q. Did you find out that this woman that called up was a former wife that had been divorced? A. I met her at the hospital and she told me that she was; she showed a tremendous amount of interest in him, and I commented, just casually, that it was grand to see a wife in this day and age showing the interest that she did in him. She told me she wasn’t his wife, that in fact as far as the. law was concerned they got a divorce, they were living together, and they planned on getting remarried as far as she was concerned, that they were still man and wife.
“Q. She told you they had been divorced? A. Yes.
“Q. And they intended to get married in the future? A. And were living together at the time; she was in his apartment.” (Emphasis supplied.)
It thus appears that from the evidence the deputy was justified in finding that something was yet to be done in order to complete the marriage. According to the testimony of Dr. Abrashkin, although the - appellant told him they were living together she was not, in fact, his wife and they planned on getting remarried.
This testimony of Dr. Abrashkin taken with the other testimony was sufficient to justify the findings of fact and conclusions of the deputy and will not be disturbed on appeal.
Affirmed.
ROBERTS,. C. J., and TERRELL and SEBRING, JJ., concur.