HORTON, Judge.
This cause came before the court on a petition for certiorari to review an order of the Florida Industrial Commission affirming an order of one of the Deputy Industrial Commissioners of Dade County, Florida. The Deputy found that the respondent, Vivian Schulz, was the common law wife of Werner Schulz, who died as the result of an accident while in the employ of the petitioner, Flagler Funeral Service, Inc.; that at the time of his death, there were residing with him Vivian Schulz and three children of Vivian Schulz by a prior marriage, who were dependent upon him for support and entitled to benefits under the Florida Workmen’s Compensation Law, Chapter 440, Fla.Stat., F.S.A.
The petitioners have assailed the order of the Full Commission affirming the findings of the Deputy that a common law marriage had existed between the respondent, Vivian Schulz, and the deceased, Werner Schulz. We find no error in this order.
Under the Workmen’s Compensation Law, Sec. 440.25, Fla.Stat., F.S.A., as amended, the Deputy is charged with the duty of holding hearings, making determinations of fact and of making a compensation award. After the making of an award,, designated in the Act as the “compensation, order,” if no interested person files an application for a review of such order within-twenty days with the Full Commission, such; order becomes final. The Deputy’s position, then, under the law, is somewhat analogous-to that of a chancellor and the Full Commission then occupies a position similar in many respects to that of an appellate court. The Deputy exercises quasi-judicial functions-with the power and authority to make findings of fact and, just as any group or board created by lawful authority, when acting in a quasi-judicial capacity, their findings-are entitled to great weight and should not be lightly set aside unless there appears no-competent substantial evidence to support their findings and judgment. See Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So. 2d 136; De Groot v. Sheffield, Fla.1957, 95 So.2d 912.
Under the provisions of the Workmen’s Compensation Law, whether or not: the respondent in this instance was the widow of the deceased and whether or not the-children of the surviving widow were dependents within the meaning of the Act,, were questions of fact to be decided by the-Deputy. See Tigertail Quarries v. Ward, 154 Fla. 122, 16 So.2d 812; Hillyer & Lovan v. Florida Industrial Commission, 155 Fla. 144, 19 So.2d 838; Great American Indemnity Co. v. Williams, Fla.1956, 85 So.2d 619. This he did, and although others viewing-the testimony at a later date might draw-different inferences and conclusions from-, that of the Deputy, this would not of itself’ justify setting aside his order. The testimony was sufficient to support the findings-of the Deputy and where there is any competent testimony supporting such findings,, they should not be disturbed. United States-Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Persico v. Samac Corporation, Fla.1954, 74 So.2d 683. No-useful purpose could be served by a delineation of what in our opinion justified the Deputy’s findings.
*349 It is thereupon concluded that the Full Commission did not depart from the essential requirements of the law in affirming the order of the Deputy, and, therefore, the petition for certiorari should he and it is hereby denied.
Certiorari denied.
CARROLL, CHAS., C. J., and PEARSON, J., concur.