PER CURIAM.
A motion to dismiss this appeal was presented and argued to this court on behalf of certain of the appellees. The appeal, which was instituted on May 28, 1959, is from an order of the county judge’s court of Dade County in a probate matter. Upon consideration thereof it is the ruling of this court that the motion to dismiss be denied.
As grounds for the motion appellees stated that the notice of appeal was filed 38 days after the date of entry of the order appealed from, which was April 20, 1959, and that this court ruled, in the case of In re Wartman’s Estate, Fla.App.1960, 118 So.2d 838, that the Florida Appellate Rules, 31 F.S.A., provide an appeal period of 30 days for such an appeal.
We are confronted with the necessity to determine whether such construction of the appellate rules made by this court in the Wartman case should be permitted to operate retroactively, and specifically whether that case requires dismissal of this appeal *410 which, when it was filed in 1959, properly was considered by the parties and their counsel to have the benefit of a 60 day appeal period, based on the construction which had been given to the Florida Appellate Rules from their effective date of July 1, 1957, in this regard, to the time of our decision in the Wartman case.
When this court, on a motion addressed to it in the Wartman case, which raised the question, construed the Florida Appellate Rules together with § 732.16, Fla. Stat., F.S.A., to provide for a 30 day appeal period in appeals to this court from the county judge’s court in probate matters, that decision operated to overrule the construction of the appellate rules and statutes implicit in its previous acceptance and approval of 60 days as the authorized period for such appeals.
The Wartman case, decided by this court March 23, 1960, was published and made available to the bar generally in the Southern Reporter Advance Opinions dated April 21, 1960. Prior to that date the Bench and Bar of Florida, and properly so, were entitled to rely and act on the basis of the previously accepted construction of the appellate rules and statutes, as applicable to orders and decrees from county judge’s courts in probate matters, for appeals to be taken within 60 days after their rendition. Only after our different construction thereof in the Wartman case did it become'otherwise. Therefore, we hold that our construction of the applicable rules and statute to provide for a 30 day appeal period for such appeals, as announced in the Wartman case will not operate retroactively in other cases, but shall operate prospectively from April 21, 1960, the date of the publication of the report of In re Wartman’s Estate, supra. There is direct precedent in this state for so holding. See Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251; Contractors Contract N.O.Y. 5948 v. Morris, 154 Fla. 497, 18 So.2d 247; Davis v. Artley Const. Co., 154 Fla. 481, 18 So.2d 255.
In the case of Tigertail Quarries v. Ward, 154 Fla. 122, 16 So.2d 812, the Supreme Court, after previously having construed a statute to allow review in the circuit court of certain orders of a deputy commissioner under the Workmen’s Compensation Law, held that such review of deputy commissioners’ orders was not authorized, and that the jurisdiction under the statute to review was from the orders of the Industrial Commission. Later the Supreme Court was called upon to determine whether or not that decision should have retroactive effect or should operate only prospectively, and in Florida Forest and Park Service v. Strickland, supra, the Supreme Court held that while such decision overruling a former construction of a statute or rule ordinarily is retroactive as well as prospective in its operation, it will not be so' if the court which rendered it limits it to-a prospective effect; and-the Supreme Court refused to give its ruling retroactive effect in that instance, and gave sound reasons for its position, as set out in the following quotation from the opinion in the Strickland' case (18 So.2d at page 253), viz.:
“Tigertail Quarries, Inc., v. Ward became the decision of this court on February 29, 1944 — almost ten months-after the order of the deputy commissioner had been taken to the circuit, court to be reviewed, and more than, six weeks after the circuit court judgment had been appealed to this court. The opinion in the case did not become available to the bar and the public generally until it appeared in the advance-sheets of 16 Southern Reporter, 2d: Series, bearing date of March 30, 1944. As heretofore stated, the decision expressly overruled Johnson v. Midland' Constructors, Inc., supra. Prior to the-overruling decision it would have been considered by the Bench and Bar of Florida — and properly so — that the-steps which had been taken by the compensation claimant to have the deputy commissioner’s order reviewed by the circuit court accorded with statutory *411 procedure judicially approved. Only by the overruling' effect of the case of Tigertail Quarries, Inc., v. Ward, supra, did it become otherwise.
“Ordinarily, a decision of a court of last resort overruling a former decision is retrospective as well as prospective in its operation, unless specifically declared by the opinion to have a prospective effect only. 14 Am.Jur. p. 34S, Sec. 130; 21 C.J.S. Courts p. 326, § 194. Generally speaking, therefore, a judicial construction of a statute will ordinarily be deemed to relate back to the enactment of the statute, much as though the overruling decision had been originally embodied therein. To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation. * * * ”
The situations presented in the Strickland case and in the present case are quite similar. There, as here, the ruling involved a right relating to the taking of an appeal or for appellate review of an order; there, as here, the court had made a construction different from its previous construction of the law relating to that subject, and had put it into effect in the case in which that different construction or rule was sought and made; and then, as now, in a subsequent case the court expressed its opinion that the changed construction which recently had been made by the court would not have retroactive effect.
Chief Judge HORTON and Judge CARROLL, constituting a majority of the court in this case, concur in denying the motion to dismiss this appeal. All three judges of this court concur in holding that the new and different construction of the Florida Appellate Rules and applicable statutes as providing for a 30 day appeal period for such an appeal, which was announced by the majority of the court in the case of In re Wartman’s Estate, supra, shall not be applied retroactively; but Judge PEARSON dissents from the denial of the motion to dismiss the appeal as he does not consider that a dismissal of this pending appeal would be a retroactive application of the ruling in the Wartman case.
It is so ordered.
HORTON, C. J., concurs, and CARROLL, CETAS., J., concurs specially.
PEARSON, J., dissents in part.