ADKINS, Justice.
By petition for certiorari petitioner Harris, an employee-claimant, seeks review of an order entered by the Florida Industrial Commission reversing and remanding an award of compensation entered by the Judge of Industrial Claims.
The only point necessary to consider is whether the finding of the Judge of Industrial Claims that petitioner sustained a wage earning capacity loss of 50% is supported by competent and substantial evidence.
*284 The claimant is a 45-year old, white, married female with a sixth grade education who was married at age 13. Prior to her employment by the employer Lenk at Comfort Lodge, claimant worked on a farm and at a pepper plant. In approximately 1950, claimant slipped and fell at the pepper plant injuring her back about the waist and toward the right side.
Claimant commenced working for employer Lenk as a nurse’s aide at Comfort Lodge, a home for the aged, in 1957 and in August, 1958, claimant again slipped and fell. This necessitated an operation in May, 1959, by Dr. A. J. Ehlert, a neurosurgeon, for a protruding disc and a herniated disc. She was discharged by Dr. Ehlert on May 19, 1960, with a disability rating of 20 to 25%. Dr. C. K. Hayes, the treating physician for this injury, died prior to the hearing on the present claim.
Following this injury claimant returned to work. The employer, with knowledge of the prior injury, put her on a shift that “would be more comfortable to her condition.” As time passed the claimant had continuing complaints of pain in her left leg and back which necessitated some lost time from her work. On May 24, 1964, while descending some steps, claimant slipped on some fly spray with her left foot and the same foot came down hard on the bottom step. She had pain in her left leg between the knee and ankle and also in her groin.
After this injury she was referred to Dr. Ledford Gregory. Her area of complaint with Dr. Gregory was her left lower extremity and his diagnosis was a healed tear of the gastrocnemius muscle on the left side. The leg injury was given an anatomical rating of 5%. The claimant did not mention her previous injury to the back and Dr. Gregory never examined her back.
The claimant testified that she returned to work in June, 1964, but the leg pained her so much that she fell several times. When lifting patients and doing other work the pain became more intensive so that she finally left her employment.
The Judge of Industrial Claims found that the disability from her injury of May 24, 1964, merged with the disability resulting from her earlier injuries to the extent that she was permanently partially disabled and her ability to earn was substantially curtailed. He further found that claimant sustained by way of this merger a “body as a whole disability and wage earning capacity loss of 50% and that of same, this accident alone would only be responsible for 3% of said earning capacity loss of the body as a whole.”
The first problem is to determine whether there is competent and substantial evidence of the merger of the 1964 disability with the 1958 disability. Both claimant and her employer testified that after the 1958 injury claimant was unable to perform heavy work and her complaints concerning her physical condition were similar from the time of the 1958 injury until the time that she finally ceased working. Dr. Gregory, although he did not examine claimant’s back, opined that a fall of the severity of the one in 1964 could aggravate or exacerbate the area that had been “surgically excised in 1959.” Dr. Ehlert testified that the 1964 injury “could have” aggravated her previous condition. The Judge of Industrial Claims considered the candor and demeanor of the witnesses who testified before him as well as the depositions and exhibits. His findings are entitled to great weight and should not be lightly set aside unless there appears no competent substantial evidence to support the findings. Flager Funeral Service, Inc. v. Schulz, 97 So.2d 347 (Fla.App.3d Dist. 1957).
The Florida Industrial Commission in its order of reversal stated it was not reasonable that a leg injury given an anatomical rating of 5% of the leg and a *285 further 3% permanent partial disability rating of the body as a whole could merge with a prior back condition resulting in a 50% permanent partial disability of the body as a whole. We are concerned here with decreased earning capacity which sometimes may not be proportional to general physical functional impairment. No one standard is conclusive in the determination of the degree of incapacity to earn the same wages after the injury as prior to the injury. See Ball v. Mann, 75 So.2d 758 (Fla.1954). Because of the variables taken into consideration, the percentage of loss of earning capacity is not ascertainable with mathematical precision. It necessarily follows that an approximation of the percentage of wage loss resulting from permanent partial disability is permissible if fairly supported by competent and substantial evidence. See 100 C.J.S. Workmen’s Compensation § 631, p. 928. The assessment of loss of earning capacity must always be a prediction about the indefinite future and it is not only proper but necessary that the judge consider whether the claimant employee is actually able to perform the requirements of the type of work she was doing at the time the disability occurred. The knowledge gained from personal observation of the claimant may be just as an important factor as the evidence produced by the testimony, depositions and exhibits in determining the percentage of loss of wage earning capacity.
The findings of fact by the Judge of Industrial Claims were supported by competent and substantial evidence, so the order of the Full Commission is quashed, and the cause is remanded with directions to reinstate the compensation order of the Industrial Judge.
The petition for attorney’s fees filed by petitioner is granted in the sum of $350.00.
It is so ordered.
ERVIN, C. J„ DREW and CARLTON, JJ., and CULVER SMITH, Circuit Judge, concur.