PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 251 So.2d 539, a decision certified to this Court as one passing on a question of great public interest, to-wit:
“Is it reversible error to deny a motion to sever from trial an insurance company joined as party defendant pursuant to Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, where the record does not show any specific reason either for the presence of the insurance company or for excluding it at trial from the jury’s knowledge of its involvement?”
Respondent, in a motion for discharge of the writ of certiorari, points out that the question certified has already been answered by this Court in Stecher v. Pomeroy, 253 So.2d 421, opinion filed October 20, 1971, wherein this Court stated:
“There are some instances where there is a question of coverage when a severance would be quite proper to try those issues separately, and the severance would be under this rule, as there pointed out. However, the remainder of that opinion holds, and we hereby reaffirm, that absent a justiciable issue relating to insurance, such as a question of coverage or of the applicability or interpretation of the insurance policy or other such valid dispute on the matter of insurance coverage, there is no valid reason for a severance and it should NOT be granted.”
Oral argument is dispensed with pursuant to Rule 3.10, Florida Appellate Rules, 32 F.S.A. The question certified has been answered in the Stecher case, supra, and the decision of the District Court is in accord with Stecher and should not be disturbed.
Accordingly, writ of certiorari is discharged.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS, BOYD and DEKLE, JJ., concur.