ERVIN, Justice
(dissenting):
The record under review, including depositions, medical reports, and the findings *49 of the Judge of Industrial Claims, reveals that the claimant received an accidental injury arising out of and in the course of his employment on October 26, 1967. A hospital discharge report indicates he received a laceration to his left hand together with head and back injuries.
From the date of the accident until the date of the administrative hearing, March 26, 1970, claimant was treated or interviewed by approximately eight different physicians. The Judge of Industrial Claims made reference to the statements of four of these doctors when he acted as fact-finder and issued his order on December 21, 1970, denying compensation and dismissing the claim. While their professional opinions are by no means identical in estimating the extent and seriousness of the claimant’s injuries, they do parallel one another in one significant respect. All four doctors agreed that claimant had suffered a permanent partial disability in the vicinity of 5%-10% of some portion of his body. To this extent there is no contradictory expert medical opinion. Two of these doctors had examined the claimant at the employer-carrier’s request.
Doctors Dickens and Ingersoll, in medical reports dated respectively July 31 and July 18, 1969, although indicating that the former employee’s ailments were symptomatic, nevertheless saw fit to estimate the disability at 5%. Despite their considered uncontradicted opinions indicating partial disability, the Judge made, in part, the following findings:
“11. I find, therefore, that the only complaint that he [claimant] has consistently had, as evidenced by the medical records, is relative to the left hand. The other complaints relative to his headache and his backache, I find, are entirely subjective and not substantiated in the record or treatment and I, therefore, find that he is not entitled to any disability rating for these subjective complaints. (Emphasis supplied.)
******
“13. I accept the opinions of Dr. Inger-soll, and Dr. Dickens 'because I find them more consistent with logic and reason and further because Dr. Ingersoll was the treating physician. I reject the opinions of Dr. Lane and Dr. Maho-ney to the extent that they conflict with the opinions of Dr. Ingersoll and Dr. Dickens.”
The last above-quoted paragraph presents something of a paradox wherein the Judge acceptes the opinions of Drs. In-gersoll and Dickens as being “more consistent with logic and reason” and yet rejects their conclusion (which is in agreement with Drs. Lane and Mahoney) that the claimant has a partial disability at least. Such an ambiguous stance might be supportable if the hearing officer presented his specific reasons for culling out statements from expert witnesses which are favorable to the claimant, while leaving behind those which would serve as a basis for denying benefits. In Andrews v. C.B.S. Division, Maule Industries, 118 So.2d 206 (Fla.1960), we stated:
“The weight of all the opinions of medical experts must be considered in the order of the deputy commissioner [Judge of Industrial Claims] before such order may be considered as having been supported by competent, substantial evidence or, it must appear from the deputy’s order that some basis existed for rejecting —or qualifiedly considering medical testimony that otherwise appears to be valid and acceptable.” Supra at 211.
Consideration should be given to the fact that expert witnesses are, or should be, wholly disinterested; whereas an ordinary witness’s personal interests might serve to color his testimony in part, and should be discounted accordingly. This is not to say that all of the physicians’ testimony would have to be accepted in toto. However, when no explanation is presented for the qualified acceptance, a reviewing tribunal is apt to conclude that a predisposition in favor of one party prompted the differen- *50 tiative acceptance, rather than “logic and reason.”
Finally, while this case is not one involving extensive physical impairment and consequent total, or near-total, loss of earning capacity, the claim for compensation should not be dismissed merely because claimant’s injuries are not grave. Decreased earning capacity may not be proportional to general physical functional impairment and should take into consideration other variables such as the injured employee’s age, education, and ability to obtain the type of employment that was previously held. Harris v. Lenk, 224 So.2d 283 (Fla.1969); Ball v. Mann, 75 So.2d 758 (Fla.1954).
The Industrial Relations Commission, in a short order dated March 27, 1972, failed to provide any further support for the ambiguous position taken by the Judge of Industrial Claims. Accordingly, I would grant certiorari, quash the order of the Industrial Relations Commission, and remand the cause with direction that further proceedings be held before the Judge of Industrial Claims to determine the extent of permanent partial disability.