PEARSON, Judge.
The claimant, Flay Ellis Stubbs, was found by the deputy commissioner to be temporarily totally disabled to the date of the hearing. From this compensation order the employer-carrier applied for review by the full commission. Upon review the full commission held that the deputy commissioner’s finding was not supported by competent substantial evidence and that a matter of some payments of unemployment compensation made to the claimant should be investigated, and thereupon remanded the case to the deputy commissioner for further hearings consistent with the views expressed by the full commission in its order. It is from this order of the full commission that the claimant brings his petition for certiorari. The petition is granted and the cause remanded to the Florida Industrial Commission for proceeding in accord with this opinion.
The salient findings of the deputy commissioner were as follows:
“2. That the claimant, Flay Ellis Stubbs was injured by accident arising out of and in the course and scope of his employment with C. F. Wheeler Builder, Inc, on November 24, 1956, when he suffered a severe electrical shock through his left arm when plugging in a light.
“4. That the claimant was a night watchman and continued to work for C. F. Wheeler Builder, Inc, until January 1 or 2, 1957, at which time he was discharged; that the claimant has not worked since that time up to the date of the last hearing held herein.
“5. That Dr. O. Whitmore Burtner testified, that as a result of this shock, the claimant has auricular fibrillation; that in his condition it is important to avoid exercise, and that the claimant was temporarily totally disabled up to the date of the last hearing held herein, and I so find.”
The compensation order of the full commission was, in part, as follows:
“On November 24, 1956, the claimant was employed as a nightwatchman forthe employer, C. F. Wheeler, Builder, Inc, and was plugging in an electric light when he received an electrical shock through his left arm. Claimant continued on the job subsequent to the shock until he was relieved at approximately 11:30 P.M. Claimant continued to work for his employer until on or about January 2, 1957, when he was discharged by the employer because of his drinking intoxicants on the job. Apparently the insurance carrier paid compensation to the claimant from January 6, to February 1, 1957, at which time same was discontinued. A claim for compensation was made by the claimant and the Deputy Commissioner entered an Order finding, inter alia, that the claimant was injured by an accident arising out of and in the course of his employment on November 24, 1956, when he suffered an electrical shock which resulted in claimant’s suffering from auricular fibrillation, and that claimant is temporarily totally disabled. He awarded *106 claimant’s attorney the sum of $200 for his services * * *.
******
“We are of the opinion that the employer and carrier’s contention that the Deputy’s finding, that claimant is temporarily and totally disabled, is not supported by competent substantial evidence, has merit. It is unrealistic and illogical to say that when claimant was discharged on or about January 1, 1957, that he immediately became temporarily and totally disabled when he had continuously worked over a month for his employer following the accident of November 24, 1956. Claimant’s discharge from his employment was from causes completely unrelated to any physical disability he may have been suffering. Admittedly, there is no •question but what claimant is suffering from periodic seizures of auricular fibrillation, but it does not appear that these seizures are actually physically disabling, although it may cause mental distress at the time. Drs. Burtner, Zimmerman, and Stewart all indicated by their testimony that the claimant could perform certain types of employment. There is no indication from any of the medical testimony that claimant is actually totally disabled. It also appears from the evidence that claimant’s physical condition is constantly improving and it appears that he has performed certain physical activities during the course of medical examination, which would be comparable to certain types of employment.
“One other interesting factor is noted from the record, that is, claimant testified that he had been receiving unemployment compensation. Section 443.05, Florida Statutes [F.S.A.], states, in part, the following, ‘An unemployed individual shall be eligible to receive benefits with respect to any week only as the Commission finds that * * *. He is able to work and is available for work.’ For a person to receive unemployment compensation benefits he must certify that he is ‘able’ to work and is ‘available’ for work. It is patent then that claimant’s own testimony and actions are contradictory. For proper disposition of the instant cause, we are of the opinion that under authority contained in Section 440.20(8), Florida Statutes [F.S. A.], whereby it is stated that, ‘The Commission * * * shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended * * * make such investigations, cause such medical examination to be made, or hold such hearings, and take such further action as it considers will properly protect the rights of all the parties,’ that the cause should be remanded to the Deputy Commissioner.
sjs jfc sjc H* ❖
“We are of the opinion that the cause should be remanded and that the Deputy should acquire, by subpoena or •otherwise, the records of The Unemployment Compensation Division of the Florida Industrial Commission pertaining to claimant’s receipt of unemployment compensation benefits during the period for which he is also claiming compensation for temporary total disability. It further appears that it would be in the best interests of the parties to the present controversy that claimant be examined by a Commission appointed doctor to determine the extent of claimant’s disability and whether or not he is employable or has a wage earning capacity.
* * * * * *
“Ordered that said Order of the Deputy Commissioner dated July 24, 1957, be and the same is hereby vacated and set aside, and that said cause be and the same is hereby remanded to the Deputy Commissioner for further proceedings with instructions to conduct further hearings in connection with the instant claim.”
*107 The finding of the deputy commissioner that the claimant was temporarily totally disabled up to the date of the last hearing before him was based upon conflicting testimony. It is not for this court to determine whether the holding of the full commission is more reasonable under the evidence. The weight of the evidence is for the deputy commissioner alone to determine and the only question here is whether it was error for the full commission to hold that there was no competent substantial evidence in the record to support the finding of the deputy commissioner. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Flagler Funeral Service, Inc., v. Schulz, Fla.App.1957, 97 So.2d 347. Our review of the record convinces us that there was competent substantial evidence to support the finding o-f the commissioner that the claimant was temporarily totally disabled up to the date of the last hearing. We are reluctant to set aside a holding of the full commission and will not do so unless error is clearly made to appear. In the case now before us we feel that the unusual circumstances of this case prompted a departure by the full commission from the established rules of review.
This holding is further illustrated by the independent finding of the full commission that claimant’s discharge from his employment was for causes completely unrelated to any physical disability and that claimant was discharged by the employer because of claimant’s drinking of intoxicants on the job. While such a finding would have been competent for the deputy commissioner, he did not make such a finding: Actually the conclusion reached by the full commission is diametrically opposed to the finding of the deputy commissioner and is based upon conflicting testimony, the probative weight of which is exclusively for the determination of the deputy commissioner.
We pass now to a consideration of that portion of the compensation order of the full commission which remanded the case to the deputy commissioner for further evidence upon claimant’s receipt of unemployment compensation benefits during the period for which he is also claiming compensation for temporary total disability. As appears from that portion of the compensation order of the full commission, above quoted, the Workmen’s Compensation Law does not sanction or authorize the collection of both unemployment compensation and workmen’s compensation for the same periods of time. See section 443.05 Fla.Stat., F.S.A.; 2 Larson, Workmen’s Compensation §§ 97.00, 97.10, 97.20 (1952).
The Florida Industrial Commission is charged with the duty of administering both the Workmen’s Compensation Act and the Unemployment Compensation Act. Under such responsibility it is entirely appropriate that it should direct further proceedings before the deputy commissioner to prevent the possibility of either fraud or mistake. It is not suggested that fraud appears upon this record; however, the uncontradicted evidence is that the claimant was drawing unemployment compensation during a portion of the time for which the deputy commissioner ordered the carrier to pay the claimant for temporary total disability. The impropriety of the claimant receiving inconsistent benefits is obvious. It is unfair that an employer should be required to furnish both unemployment compensation and workmen's compensation payments to the same employee for the same period of time. If the employee has elected to collect one, then that payment is exclusive for the period of time covered by the payment collected.
The petition for Writ of Certiorari having been granted this cause is remanded to the Florida Industrial Commission for the entry of an amended order sustaining the findings of the deputy commissioner except and excluding the finding of temporary total disability for any period of time during which the claimant may have received payment of unemployment com *108 pensation from the State of Florida. That portion of the compensation order of the full commission which remanded the cause to the deputy commissioner for further evidence upon claimant’s receipt of unemployment compensation benefits during the period for which he is also claiming compensation for temporary total disability, is affirmed.
Affirmed in part, reversed in part and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.