CALDWELL, Justice.
On July 13, 1960, claimant suffered a •compensable injury by accident in the course of his employment. The employer-carrier voluntarily paid temporary total ■disability benefits until November 17, 1960, when benefits were terminated because the claimant was concurrently receiving unemployment compensation. The benefits were voluntarily reinstated on March 20, 1961, and continued until November 27, 1961. Thereafter, the employer-carrier voluntarily paid 15% permanent partial disability.
When the matter was finally heard on the merits, November 14, 1962, the deputy awarded claimant 25% permanent partial disability, additional temporary total disability compensation (for period of 18 weeks during which employer-carrier had ■suspended payment), interest, penalties and an attorney’s fee. The Full Commission affirmed.
The employer-carrier has petitioned this Court for writ of certiorari contending that the Full Commission erred in affirming (1) the award of a 10% penalty based on the employer-carrier’s refusal to pay temporary total disability compensation while ■claimant was receiving unemployment compensation benefits; (2) the award of temporary total disability compensation to a •claimant who was receiving unemployment •compensation benefits and (3) the award of .an attorney’s fee of $1,460.00.
The employer-carrier asserts that when it suspended payment of temporary total disability compensation on the ground that the claimant was receiving unemployment compensation, the applicable law had been established by the case of Stubbs v. C. F. Wheeler Builder[1] wherein it was held:
“[T]he Workmen’s Compensation Law does not sanction or authorize the collection of both unemployment compensation and workmen’s compensation for the same periods of time. * * * The impropriety of the claimant receiving inconsistent benefits is obvious. It is unfair that an employer should be required to furnish both unemployment compensation and workmen’s compensation payments to the same employee for the same period of time. If the employee has elected to collect one, then that payment is exclusive for the period of time covered by the payment collected.”
The deputy found that the suspension of benefits was “wilful and intentional”, “contrary to law and without justification” and cited the case of Edwards v. Metro Tile Company[2] in support of his holding. In that case this Court held:
“There might appear to be some inconsistency between the simultaneous acceptance of unemployment compensation benefits and workmen’s compensation. However, the authorities generally agree that the apparent inconsistency disappears when we take into consideration the objectives to be accomplished by the two types of protection. A claimant for workmen’s compensation benefits is expected to make a reasonable effort to secure employment. The fact that he is not able to obtain a job during the period of alleged disability will not preclude him from receiving the benefits of both types of protection. A claimant may honestly represent to the unemployment compensation agency that he is able to do some work if a fob is made available to him. At the same time, with equal honesty, he might properly represent to the workmen’s compensation agency that he was totally disabled during the same period because no one would give him a job in his *174 then physical condition.” (Emphasis supplied.)
In view of the fact that at the time payments were suspended the law on the question of simultaneous receipt of workmen’s compensation and unemployment compensation benefits was as announced in the Stubbs case, supra, we must hold it was error to assess penalty under F.S. § 440.20(5) [3], F.S.A., because under the law as construed the suspended payments were not due.
Petitioner’s second point questions whether under the Edwards decision, supra, claimant is entitled to simultaneous payments of workmen’s and unemployment compensation. The petitioner contends the claimant could not honestly represent he was able to do any work during the period for which he claimed the right to both benefits. The deputy failed to make a finding on this point and we must remand for his determination of whether, on the evidence before him, the claimant could honestly represent himself as “able to do some work if a job is made available to him.”
On the third point raised, the petitioner alleges that benefits recovered for claimant by reason of his representation by an attorney totaled $1,729.24 including the disputed 10% penalty and the 18 weeks of temporary total disability compensation and asserts an award of $1,460.00 in attorney’s fees is excessive as compared with the benefits received. Respondent alleges that $3,454.00 in benefits was recovered as a result of his attorney’s services and insists the fee awarded is not excessive. Since we have held the assessment of the 10% penalty to be an error and have remanded for determination of the claim for 18 weeks of temporary total disability compensation under the rule of the Edwards case, we remand the matter of attorney’s fees to the deputy with instruction to redetermine the same upon the basis of benefits secured to the claimant.
The order of the Full Commission is accordingly quashed and the cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and ERVIN, JJ., concur.

. 106 So.2d 104, 107 (Fla.App.3rd 1958) (cert. dismissed without opinion, 143 So.2d 494, Fla.1962).

. 133 So.2d 411, 412 (Fla.1961).

. “If any installment of compensation payable without an award is not paid within fourteen days after it becomes due, as provided in subsection (2) of this seetion, there shall be added to such unpaid installment an amount equal to ten per cent thereof * *