**FLORIDA FOREST & PARK SERVICE, BITUMINOUS CASUALTY CORPORATION, and FLORIDA INDUSTRIAL COMMISSION, v. ESTON STRICKLAND.**

18 So. (2nd) 251
May 19, 1944
Rehearing Denied June 20, 1944

January Term, 1944
En Banc

*James Messer Jr.,* for appellants.

*L. W. Blanton,* for appellee.

SEBRING, J.:

Eston Strickland was employed by Florida Forest & Park Service as a fire-tower watchman. While on the job he became embroiled in an argument with one Slaughter, which culminated in a gun battle between the parties. In the exchange of shots which ensued, Slaughter was killed and Strickland was severely wounded. Strickland filed a claim for compensation under the Florida Workmen's Compensation Law for the injuries sustained. The claim was controverted, the employer and its insurance carrier denying liability on the ground that the injury was occasioned by the wilful intention of the employee to injure or kill another. See Sec. 440.09, Florida Statutes, 1941. A hearing on the controverted claim was held before a deputy commissioner of the Florida Industrial Commission. On the evidence adduced the deputy commissioner entered an order denying the claim on the ground of defense interposed by the employer and the insurance carrier. Strickland took an appeal to the Circuit Court of Taylor County from the order of the deputy commissioner. Thereafter, the circuit judge entered a judgment reversing the deputy commissioner's order. The employer and its insurance carrier have taken an appeal from that judgment.

The first question presented for consideration is whether the trial court had the power or authority to render the judgment appealed from. It is argued by the appellants that because of the recent holding of this Court in Tigertail Quarries, Inc. v. Ward, 154 Fla. 122, 16 So. (2nd) 812—that an appeal from an order of a deputy commissioner will not lie directly to the circuit court—the judgment must be reversed

and the case dismissed. It is true that in a re-examination of the statute law pertaining to the procedure provided for the review of compensation orders by the circuit court, this Court, in the case, arrived at the decision that "no right of appeal is given to the circuit court from the order or award of a deputy commissioner; only the right to appeal from an order or award of the full commission being provided by the statutes." As pointed out in the opinion, "it is . . . the order of the full commission on review that is appealable to the circuit court, when appeal is taken by a party in interest within twenty days after the order on review is filed in the office of the commission at Tallahassee." The gist of the holding is that before a claimant can bring his case to the judicial department of the government as an original judicial controversy it is necessary that he first exhaust his remedies within the Florida Industrial Commission—a statutory administrative body established by the Legislature for that purpose. The decision expressly overruled a previous decision of the court in the case of Johnson v. Midland Constructors, Inc., 150 Fla. 353, 7 So. (2nd) 449, wherein we had given to the applicable statutes an entirely different construction. However, months before the overruling decision had been rendered the compensation claimant had appealed the adverse order of the deputy commissioner to the Circuit Court of Taylor County, under what was at the time the judicially declared, established and approved procedure for originating such proceedings in the circuit courts under the statutes. See Johnson v. Midland Constructors, Inc., supra.

The order of the deputy commissioner denying Strickland's claim for compensation was entered on April 6, 1943. The order was filed in the office of the Florida Industrial Commission on April 7, 1943. Notice of appeal was given by the claimant on April 30, 1943—a day within twenty days after the deputy commissioner's order had been on file in the office of the Florida Industrial Commission for a period of seven days. See Walker v. Telfair Stockton Co., 152 Fla. 434, 12 So. (2nd) 177. Under the then existing holding of this Court in Johnson v. Midland Constructors, Inc., the deputy commis-

sioner's order was ripe for appeal as the order of the full Commission. Apparently, the procedure adopted by the claimant was considered by the employer and its carrier to be proper, for the controversy was allowed to proceed in the circuit court without objection being interposed by motion or otherwise that the court did not have power or authority to entertain the matter. On December 14, 1943, the circuit court entered its judgment reversing the deputy commissioner. The judgment was recorded in the minutes of the court on January 11, 1944. On the same day the employer and its insurance carrier entered its appeal from the adverse judgment. The only ground of error assigned was that the circuit court erred in making and entering the judgment reversing the order and judgment of the Florida Industrial Commission.

Tigertail Quarries, Inc., v. Ward became the decision of this Court on February 29, 1944—almost ten months after the order of the deputy commissioner had been taken to the circuit court to be reviewed, and more than six weeks after the circuit court judgment had been appealed to this Court. The opinion in the case did not become available to the bar and the public generally until it appeared in the advance sheets of 16 Southern Reporter, 2nd Series, bearing date of March 30, 1944. As heretofore stated, the decision expressly overruled Johnson v. Midland Constructors, Inc., supra. Prior to the overruling decision it would have been considered by the Bench and Bar of Florida—and properly so—that the steps which had been taken by the compensation claimant to have the deputy commissioner's order reviewed by the circuit court accorded with statutory procedure judicially approved. Only by the overruling effect of the case of Tigertail Quarries, Inc., v. Ward, supra, did it become otherwise.

Ordinarily, a decision of a court of last resort overruling a former decision is retrospective as well as prospective in its operation, unless specifically declared by the opinion to have a prospective effect only. 14 Am. Jur. p. 345, Sec. 130; 21 C.J.S. p. 326, Sec. 194. Generally speaking, therefore, a judicial construction of a statute will ordinarily be deemed to relate back to the enactment of the statute, much as

though the overruling decision had been originally embodied therein. To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation. See 14 Am. Jur. p. 345, Sec. 130; 21 C.J.S. p. 329, b. Based upon a recognition of this common-sense exception to the rule, some of the courts have gone so far as to adopt the view that the rights, positions, and courses of action of parties who have acted in conformity with, and in reliance upon, the construction given by a court of final decision to a statute should not be impaired or abridged by reason of a change in judicial construction of the same statute made by a subsequent decision of the same court overruling its former decision. Accordingly, such courts have given to such overruling decisions a prospective operation only, in the same manner as though the new construction had been added to the statute by legislative amendment. See State ex rel. Midwest Pipe & Supply Co. v. Haid, 330 Mo. 1093, 52 S.W. 2nd 183; Gelpcke v. City of Dubuque, 1 Wall. 175; Douglas v. County of Pike, 101 U. S. 677, 687; Mountain Grove Bank v. Douglas County, 146 Mo. 42, 47 S. W. 944. See also Culpepper v. Culpepper, 147 Fla. 632, 3 So. 2nd 330.

The compensation claimant in the present case proceeded in strict accordance with the then prevailing judicial interpretation of the statutes in force for the review of compensation orders. The employer and the compensation carrier followed him into circuit court without objection. It could not then have been known by him, or even surmised, that before his litigation would become terminated by final decision the statutory steps taken by him in good faith and in reliance upon a prevailing decision construing the statute would be declared by subsequent overruling decision to be ineffectual to accomplish the purpose desired.

The provisions of the Workmen's Compensation Law, if accepted by employer and employee, are to be read into every

contract of service between those subject to its terms. Under the law, when accepted, the employee is entitled to compensation for injuries sustained arising out of and in the course of employment, irrespective of the cause of injury. Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486. An injury having resulted to an employee during the course of the employment, the presumption is that the claim comes within the provisions of the Compensation Law. Sec. 440.26 Florida Statutes, 1941. A right to compensation having accrued, at least potentially, by the happening of the injury, and the compensation claimant having proceeded by a judicially approved statutory course of procedure to enforce the claim, such valuable potential property or contract right to compensation should not be cut off by subsequent overruling court decision given a retrospective operation. We hold, therefore, that as applied to the facts of this case, Tigertail Quarries, Inc. v. Ward, supra, must be given a prospective operation only; the facts bringing the case within the exception to the generally prevailing rule that court decisions will be given a retrospective as well as prospective operation. To hold otherwise would be, in effect, to deprive the claimant of a potentially valuable claim accruing by reason of his contract of employment prior to the overruling decision, the right to which he has sought to have judicially established by the only court of competent jurisdiction which may try the matter as an original judicial controversy. See South Atlantic S.S. Co. v. Tutson, 139 Fla. 405, 190 So. 675. This is so for the reason that it is now too late for him to go back to the Florida Industrial Commission and there exhaust his administrative remedy, if he must follow the construction now placed on the statute by the overruling decision (that unless application for review of a deputy commissioner's order is made to the full commission within seven days of filing, it will become conclusive and binding as to all interested parties) for the time has long since expired in which he may have taken such action.

The sole assignment of errors filed by the appellant is that "The court erred in making and entering that certain order bearing date December 14, 1943, and appearing of

record in Minute Book 12, at page 403 in the office of the Clerk of the Circuit Court of Taylor County, Florida, reversing the order and judgment of the Florida Industrial Commission."

It appears from the evidence adduced before the deputy commissioner that the claimant was injured during an altercation with one Buck Slaughter, in a forest tower high above the ground. At the time, Strickland was employed as a fire tower watchman for the Florida Forest & Park Service. Slaughter was employed as a forest ranger by Burton-Schwartz Cypress Company, working in conjunction with Florida Forest & Park Service in protecting the timber holdings of the Company. Strickland had been called into the fire tower by his immediate superior, Carl Franklin McDougal, to meet with Slaughter, for the purpose of talking over some disagreement between the parties regarding the report of a fire made the day before by Strickland. The conference terminated with an exchange of pistol shots between Strickland and Slaughter. Slaughter was killed; Strickland was wounded.

The right to compensation to the claimant, Strickland, turns on the question of who was the aggressor in the difficulty. If Strickland made an assault upon Slaughter with the wilful intention to injure or kill him, then he may not recover compensation against his employer. Sec. 440.09 Florida Statutes, 1941. On the other hand if Strickland shot in necessary self-defense after an overt act of aggression against him by Slaughter, it is conceded by counsel that recovery may be had by Strickland.

The only witnesses offered at the hearing before the deputy commissioner were McDougal and Shrickland. Their testimony was in conflict. McDougal, the bystander, testified that shots were exchanged rapidly between the parties, the first shot being fired by Strickland. But McDougal was unable to say which of the participants first pulled his gun upon the other. The testimony of Strickland is that Slaughter first pulled his gun, saying that he was going to shoot, whereupon claimant retaliated in necessary self-defense. Strickland likewise testified, without objection being inter-

posed thereto, that he was subsequently indicted and tried for the murder of Buck Slaughter and was exonerated and acquitted by a trial jury. On this set of facts the deputy commissioner found that the claimant had failed to establish his right to compensation as against the defense interposed by the employer. When the case came to the circuit court as an original judicial controversy, the circuit judge reversed the holding of the deputy commissioner and entered a judgment for the claimant. That judgment is here on appeal.

In the absence of substantial evidence to the contrary, the presumption is that the claim comes within the provisions of the Workmen's Compensation Law and that injury was not occasioned by the wilful intention of the injured employee to injure or kill another. Sec. 440.26 Florida Statutes, 1941.

When a case comes to the circuit court for review of an administrative order the circuit court is required to consider the case on the record and enter such order or judgment as appears to accord with the law and the facts. In considering the case on the record, no presumption obtains in favor of the correctness of the administrative determination of fact, but the circuit court should give to the findings of the commission about the same weight and consideration which a chancellor should properly give to the findings of law and fact of a master. Firestone Auto v. Bullard, 141 Fla. 282, 192 So. 865; Dixie Laundry, et al., v. Wentzell, 145 Fla. 569, 200 So. 860; City of St. Petersburg, et al., v. Mosedale, 146 Fla. 784, 1 So. 2nd 878.

Where a final judgment has been entered by the circuit court, the presumption exists, in the absence of anything in the record to show the contrary, that there is sufficient competent proof in the record to sustain it. Williams v. Phiel, 60 Fla. 272, 53 So. 638. Consequently, the burden is on one appealing from a judgment of the circuit court in compensation proceedings to show clearly that the court has arrived at an erroneous conclusion not warranted by the record. Firestone Auto v. Bullard, supra; Dixie Laundry, et al., v. Wentzell, supra; City of St. Petersburg, et al., v. Mosedale, supra.

We are of opinion that the appellants have failed to sus-

tain the burden and that the judgment appealed from must be affirmed.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS and ADAMS, JJ., concur.