517 So.2d 667 (1987)
William A. BRACKENRIDGE, Petitioner,
v.
AMETEK, INC. and Baring Industries, Inc., Respondents.
No. 70099.
Supreme Court of Florida.
December 3, 1987.
Rehearing Denied January 28, 1988.
*668 Beth Tyler Vogelsang of the Vogelsang Law Firm, Miami, for petitioner.
David C. Pollack and Ricardo Torres, Jr. of Stroock & Stroock & Lavan, Miami, for Ametek, Inc.
Law Offices of James O. Nelson, and Steven R. Berger and William G. Liston of Steven R. Berger, P.A., Miami, for Baring Industries.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review the decision of the Third District Court of Appeal upon questions certified to be of great public importance. Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA 1987).
Brackenridge was injured by a laundry extractor more than twelve years after its delivery to the original purchaser. In affirming the dismissal of his product liability action, the court certified the following questions:
I. SHOULD THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, SHOULD THE DECISION OF PULLUM v. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, [475] U.S. [1114], 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLY SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
Brackenridge, 503 So.2d at 364. We recently answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987).
Because it was not specifically discussed in the Melendez opinion, we will address the contention that in spite of this Court's opinion in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), upholding the constitutionality of section 95.031(2), Brackenridge is entitled to relief because he relied upon our earlier decision of Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), which declared the statute unconstitutional as applied. As stated in Melendez, it is a general rule that a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its operation unless declared by the opinion to *669 have prospective effect only. However, there is an exception to the rule which provides that where property or contract rights have been acquired under and in accordance with a previous statutory construction of the supreme court, such rights should not be destroyed by giving the retrospective operation to a subsequent overruling decision. Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980).
The application of the exception to the rule is illustrated in Florida Forest & Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944), in which a workers' compensation claimant had appealed an adverse decision to the circuit court in accordance with existing law. After the circuit court had ruled in favor of the claimant but while the case was still on appeal, the supreme court had overruled a prior decision and held that those seeking review of decisions of deputy commissioners in workers' compensation cases must first exhaust their remedies by way of appeal to the Florida Industrial Commission. The Strickland court recognized that the claimant had relied on existing procedures when he appealed to the circuit court and refused to penalize him for failing to appeal to the Florida Industrial Commission when he had no reason to know that he should do so.
In the instant case Brackenridge does not fall within the exception to the general rule. He was not deprived of a property or contract right acquired in reliance upon this Court's decision in Battilla. His accident was fortuitous and did not occur as a result of conduct prompted by Battilla. Moreover, he did not act in reliance on the Battilla declaration of the unconstitutionality of section 95.031(2) and thereby miss the limitation deadline for filing suit with which he could have otherwise complied. His expenditure of funds in the prosecution of the suit prior to Pullum did not constitute the acquisition of property or contract rights. See Eddings v. Volkswagenwerk, A.G., 635 F. Supp. 45 (N.D.Fla. 1986). Since there was no detrimental reliance upon Battilla, the general rule dictates that Pullum be given retrospective application so as to bar his claim. Accord Hampton v. A. Duda & Sons, Inc., 511 So.2d 1104 (Fla. 5th DCA 1987).
We approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.