COBB, Judge.
The issue in this case is whether the trial court erred in granting appellee’s motion for summary judgment, based upon the twelve-year statute of repose, section 95.-031(2), Florida Statutes (1983), which provided:
Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, *54 with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
On June 3, 1985, appellants, National Insurance Underwriters (National), Tueco, Inc. (Tueco), and Gary E. Snyder, brought suit against Cessna Aircraft Corporation (Cessna) seeking damages incurred in an aircraft accident. The aircraft involved was manufactured by Cessna in 1972. It was first delivered for sale to Capitol Aviation, Inc., of Austin, Texas, on August 31, 1972, and eventually purchased by Tueco. The complaint alleged that on April 11, 1983, while Snyder was piloting the aircraft near Perry, Florida, both engines “quit and as a result of the total loss of power, the aircraft crashed, destroying the aircraft and severely injuring SNYDER.” Appellants sought damages for personal injuries and for the destruction of the aircraft, alleging that the aircraft was defective because the fuel system was faulty. Cessna subsequently moved for summary judgment, relying on the statute of repose. The trial court granted the motion and rendered a final judgment in favor of Cessna. This appeal ensued.
The Florida Supreme Court in Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla.1980), invalidated the 12-year products liability statute of repose as an unconstitutional deprivation of a plaintiffs access to the courts under Article I, Section 21, Florida Constitution. Subsequently, in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), the court receded from Battilla, holding that the products liability statute of repose was not unconstitutional. The legislature repealed the statute of repose as to products liability actions effective July 1, 1986.
In the recent case of Melendez v. Dreis & Krump Manufacturing Company, 515 So.2d 735 (Fla.1987), the Florida Supreme Court unanimously determined (1) that the 1986 abolition of the statute of repose in product liability actions does not operate retrospectively; and (2) that Pullum does bar causes of action that accrued in the Battilla-Pullum interval—i.e., between February 12, 1981 and November 4, 1985.[1]
Melendez states the general rule that a decision of a court of last resort that overrules a prior decision is retrospective as well as prospective in application, unless declared by the opinion to have prospective effect only. The exception to this general rule is set forth in Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (Fla.1944):
To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation.
Id. 18 So.2d at 253.
The concurring opinion of Justice Grimes in Nissan Motor Company, Ltd. v. Phlieger, 508 So.2d 713 (Fla.1987), relied upon this exception. As pointed out by Justice Grimes, the claimant in Nissan, like the claimant in Strickland, “relied on the existing statutory construction to her detriment, and, as to her, Pullum should not be applied retroactively.” Nissan, 508 So.2d at 717 (Grimes, J., concurring). See also Hampton v. A. Duda & Sons, Inc., 511 So.2d 1104 (Fla. 5th DCA 1987).
In the present case, the appellants had more than I6-V2 months from the date of the accident within which to bring suit under the statute of repose. However, justifiably relying upon Battilla, they filed suit after the statute of repose had expired, *55 but within the normal four-year statute of limitations.[2] This detrimental reliance requires that Pullum not be applied retroactively in this case. Our conclusion here is buttressed by the recent Florida Supreme Court opinion in Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987), wherein Justice Grimes, writing for a unanimous court, said:
In the instant case Brackenridge does not fall within the exception to the general rule. He was not deprived of a property or contract right acquired in reliance upon this Court’s decision in Battilla.... Moreover, he did not act in reliance on the Battilla declaration of the unconstitutionality of section 95.031(2) and thereby miss the limitation deadline for filing suit with which he could have otherwise complied.
Id. at 669 (emphasis added).
Accordingly, the judgment entered below is
REVERSED.
SHARP, C.J., concurs.
COWART, J., dissents with opinion.

. The dates rehearings were denied in these cases.

. The statute of repose expired on August 31, 1984, and Pullum was not rendered until August 29, 1985, a year later, and almost three months after the suit was initiated.