WIGGINTON, Judge.
The Lowells bring this appeal from the final summary judgment entered in favor of defendant/appellee The Singer Company based upon the 12-year statute of repose, section 95.031(2), Florida Statutes (1983), which provided:
Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
We reverse.
On July 15, 1986, the Lowells brought suit against The Singer Company and the City of Jacksonville seeking damages for injuries incurred in a traffic accident. The accident occurred on July 23, 1982, at an intersection in Jacksonville when the traffic signal manufactured by The Singer Company allegedly malfunctioned. The Singer Company delivered the traffic signal to the City of Jacksonville in November 1971. The Singer Company subsequently moved for summary judgment, relying on the statute of repose. The trial court granted the motion and rendered a final summary judgment in its favor.
We reverse the final summary judgment for the same reason that a final summary judgment was reversed by the Fifth District Court of Appeal in National Insurance Underwriters v. Cessna Aircraft Corporation, 522 So.2d 53 (Fla. 5th DCA 1988), as we find that court’s logic to be inescapable in light of certain language in Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987). As was recognized in Cessna, in the recent case of Melendez v. Dreis and Krump Manufacturing Company, 515 So.2d 735 (Fla.1987), “the Florida Supreme Court unanimously determined (1) that the 1986 abolition of the statute of repose in product liability actions does not operate retrospectively; and (2) that Pullum [1] does bar causes of action that accrued in the Battilla[2]-Pullum interval—i.e., between February 12, 1981 and November 4, 1985.” Cessna, 522 So.2d at 54. Subsequent to Melendez, in Clausell v. Ho *62 bart Corporation, 515 So.2d 1275 (Fla.1987), the supreme court also held that the application of Pullum to bar a cause of action that accrued in the Battilla-Pullum interval does not deprive the plaintiff of due process guaranteed by the United States Constitution for the reason that the plaintiff has no vested right in his cause of action.
However, the Lowells had more than one year from the date of the accident within which to bring suit under the statute of repose. Nonetheless, relying upon Battilla, [3] they filed suit after the statute of repose had expired but within the normal 4-year statute of limitations. Under similar circumstances, the Fifth District Court of Appeal applied an exception to the general rule cited in Melendez as enunciated by Justice Grimes in his special concurring opinion in Nissan Motor Co., Ltd. v. Phlieger, 508 So.2d 713 (Fla.1987), and which later appeared in the supreme court’s opinion in Brackenridge v. Ametek, Inc. In Brackenridge, Justice Grimes, writing for a unanimous court, and referring to the exception provided in Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944), said:
In the instant case Brackenridge does not fall within the [Strickland ] exception to the general rule. He was not deprived of a property or contract right acquired in reliance upon this Court’s decision in Battilla.... Moreover, he did not act in reliance on the Battilla declaration of the unconstitutionality of section 95.031(2) and thereby miss the limitation deadline for filing suit with which he could have otherwise complied.
Brackenridge, 517 So.2d at 669 (emphasis added).[4]
In a strongly-worded dissent in Cessna, Judge Cowart opined that the Strickland exception existed “[b]y reason of [Strickland’s] contract of employment” whereby he “had acquired workmen’s compensation rights and had exercised his right, under an existing supreme court decision....” 522 So.2d at 56. That observation would logically leave inappropriate the application of the Strickland exception to the instant case where, as held in Clausell, the Lo-wells do not have a vested contract or property right in their cause of action. Nevertheless, we cannot circumvent the clear suggestion in Brackenridge that should facts such as those presented in the instant case and in Cessna arise, the Strickland exception would apply.
Accordingly, based on the holdings in Brackenridge v. Ametek, Inc. and National Insurance Underwriters v. Cessna Aircraft Corporation, we reverse the final summary judgment entered in favor of The Singer Corporation and remand the cause for further proceedings.
ZEHMER, J., concurs.
BOOTH, J., dissents without written opinion.

. Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985).

. Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla.1980).

. In their initial brief, the Lowells argued that “Appellant’s [sic] rights, position, and course of action has been to act in conformity with and in reliance upon, the construction given by the Supreme Court in Batilla [sic] to the Statute of Repose.” (Initial Brief at 26.)

. In his concurring opinion in Nissan Motor Co., Ltd. v. Phlieger, Justice Grimes noted that the plaintiff/respondent was in a substantially similar position to the claimant in Strickland when her husband died and she had more than six months to bring suit under the statute of repose. However, because the statute had been declared invalid in Battilla, she instead sued within the two years provided by section 95.11(4)(d), Florida Statutes. Once she did so, Pullum was handed down. Under such circumstances, Justice Grimes concluded that, ”[I]ike the claimant in Strickland, respondent had relied on the existing statutory construction to her detriment, and as to her, Pullum should not be applied retroactively.” 508 So.2d at 717. He then distinguished cases in which Pullum was retrospectively applied where “the accidents occurred beyond the twelve-year period of the statute of repose." Id. (emphasis added).