559 So.2d 1091 (1990)
Jimmy FRAZIER, et al., Petitioners,
v.
BAKER MATERIAL HANDLING CORPORATION, et al., Respondents.
No. 73994.
Supreme Court of Florida.
January 18, 1990.
Rehearing Denied May 2, 1990.
Abramson & Magidson, Miami, and Claudia B. Greenberg, Coral Gables, for petitioners.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, and Lyndall M. Lambert of Barwisk, Dillian, Lambert & Angel, P.A., Miami Shores, for respondents.
BARKETT, Justice.
We have for review Frazier v. Baker Material Handling Corp., 540 So.2d 205 (Fla. 3d DCA 1989), in which the court certified conflict with National Insurance Underwriters v. Cessna Aircraft Corp., 522 So.2d 53 (Fla. 5th DCA), review denied, 531 So.2d 1352 (Fla. 1988), and Lowell v. Singer Co., 528 So.2d 60 (Fla. 1st DCA 1988), review denied, 539 So.2d 476 (Fla. 1989).[1] We quash the decision below and approve the decisions in National Insurance Underwriters and Lowell.
At issue are two consolidated cases based upon respective causes of action for product liability which accrued between this Court's decisions in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), and Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986).[2]
The trial court granted respondents' motions for summary judgment, finding the claims time barred because they were filed after the expiration of the twelve-year statute of repose prescribed in section 95.031(2), Florida Statutes (1975).[3] The district court affirmed.
*1092 Petitioners Jimmy Frazier and Frank Hearn sustained work-related injuries while operating allegedly defective forklifts. Respondent Otis Elevator Company sold and delivered the forklifts to the original purchaser on August 31, 1972. Frazier was injured on July 2, 1982, and filed suit in March 1986. Hearn was injured on January 13, 1983, and filed suit in December 1986.
In 1980, Battilla invalidated the twelve-year statute of repose in product liability cases. Thus, at the time petitioner's cause of action accrued, the only time constraint applicable to the filing of a law suit was the four-year statute of limitations. Before the expiration of that time, however, this Court in Pullum overruled Battilla and held that the statute of repose was constitutional.
In Melendez v. Dreis and Krump Manufacturing Co., 515 So.2d 735, 736 (Fla. 1987), we reiterated the general rule that "a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its application unless declared by the opinion to have prospective effect only." Melendez had been injured after the expiration of the twelve-year period of repose. Because Pullum was silent on this issue, this Court held that Pullum applied retrospectively and barred Melendez's claim. A similar result was reached in Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla. 1987), appeal dismissed and cert. denied, ___ U.S. ___, 109 S.Ct. 30, 102 L.Ed.2d 9 (1988), where the petitioner was injured by an allegedly defective product more than twelve years after its delivery to the original purchaser.
Petitioners concede that under the general rule Pullum would bar their claims. However, petitioners maintain that their cases fall within the exception to the general rule recognized in Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944), and applied in National Insurance Underwriters and Lowell. In Strickland, a workers' compensation claimant relied upon existing statutory procedures which were abrogated when the Florida Supreme Court overruled a prior decision, leaving Strickland without relief. Strickland had no reason to know that the statute he relied upon would be extinguished by a subsequent decision. Id. at 477, 18 So.2d at 253-54. The Court refused to penalize Strickland with the loss of his claim when he was acting in accordance with the then-prevailing judicial interpretation of the controlling statute.
In National Insurance Underwriters, the district court determined that plaintiffs relied upon Battilla and filed their claim after expiration of the invalidated statute of repose, but before the tolling of the statute of limitations. The court refused to apply Pullum retrospectively. Likewise, the district court in Lowell, which considered the identical circumstances, applied the Strickland exception.
Respondents argue that the Strickland exception under these circumstances was rejected in Brackenridge. We disagree. In that case, the Court refused to apply the Strickland exception, stating:
Brackenridge does not fall within the exception to the general rule. He was not deprived of a property or contract right acquired in reliance upon this Court's decision in Battilla. His accident was fortuitous and did not occur as a result of conduct prompted by Battilla ... . Since there was no detrimental reliance upon Battilla, the general rule dictates that Pullum be given retrospective application so as to bar his claim.
Brackenridge, 517 So.2d at 669 (emphasis added).
We find Brackenridge inapposite. Brackenridge, like Melendez, was never deprived of any right acquired in reliance upon Battilla. His cause of action did not accrue until after the twelve-year statute of repose had expired. He never had a *1093 viable cause of action during the statutory period. Accordingly, he could not have relied on Battilla, and Pullum therefore barred Brackenridge's claim. Brackenridge, 517 So.2d at 669.
In contrast, petitioners' claims had accrued prior to the expiration of the statute of repose. While they still had time to file a claim within the statutory period, Battilla was decided and petitioners were at that time no longer bound to adhere to a twelve-year statute of repose. Petitioners had no reason to know that Pullum would "resurrect" the statute of repose, effectively cutting off their viable claims. Thus, the trial court incorrectly granted respondents' motion for summary judgment.
We recognize that Strickland involved rights under a workers' compensation claim. However, the underlying principle in Strickland is equally applicable here. A claimant with a viable cause of action is entitled to rely on the existing law which provides that claimant access to the court. Art. I, § 21, Fla. Const.
For the reasons expressed, we approve the decisions in National Insurance Underwriters and Lowell and quash the decision below, remanding for further proceedings consistent herewith.
It is so ordered.
SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion, in which EHRLICH, C.J. and OVERTON, J., concur.
McDONALD, Justice, dissenting.
The premise of the majority opinion is erroneous.
In Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874, 874 (Fla. 1980), this Court held:
The circuit court held that this product liability action was barred by the statute of limitations, section 95.031, Florida Statutes (1975). We reverse on the authority of Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), and hold that, as applied to this case, section 95.031 denies access to courts under article I, section 21, Florida Constitution. See also Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980); Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
Contrary to the belief of many, we did not hold section 95.031, Florida Statutes (1975), unconstitutional, but held that, as applied to that case, section 95.031 denied access to the courts under article I, section 21, Florida Constitution. The opinion does not reflect the facts of the case, but this Court's records disclose that Batilla was injured twelve years, three months after the sale of the equipment which allegedly caused his injury.[1] This differs from the facts in Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980), and Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978), in which we held section 95.031 constitutional. In those cases the injuries occurred within twelve years of date of sale, but at a time which resulted in the statute's shortening the time to bring an action.
While Battilla was viable, it applied only to cases where the cause of action arose more than twelve years from the delivery of the equipment. Causes of action which accrued before the twelve-year period were treated differently. In Universal Engineering Corp. v. Perez, 451 So.2d 463, 466-67 (Fla. 1984), we stated: "Thus, for section 95.11(3)(c) to be unconstitutional as applied, it must operate as an absolute bar to bringing an action. If section 95.11(3)(c) only shortens the time period in which the action may be brought to a reasonable amount of time, then the Florida Constitution is not violated. Bauld."
Counsel in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), recognized this principle of law. Because of our ruling in Battilla, counsel *1094 asserted that a party injured more than twelve years after delivery date had four years in which to bring an action while one injured within twelve years, but after eight years, had a shortened limitation, thus giving rise to an equal protection argument. In Pullum we reconsidered Battilla and held that the legislature could constitutionally bar causes of action that occurred more than twelve years after delivery. Neither Battilla nor Pullum disturbed the line of cases which had recognized a shortened limitation of action.[2] Where the injury occurred within twelve years from the delivery of the equipment section 95.031 shortened the time to bring, but did not prohibit, a cause of action. Counsel had no reason or right to rely on Battilla because Battilla did not apply to the facts of his case.
The law was not changed and has remained constant on the factual situation applicable to the instant plaintiffs' cases. This Court's overruling of Battilla in Pullum is of no consequence to them. After his injury, Frazier had over two years in which to file his action; Hearn had seventeen months in which to file his. Their causes of action are barred by section 95.031.
EHRLICH, C.J., and OVERTON, J., concur.
NOTES
[1] Our jurisdiction is discretionary. Art. V, § 3(b)(4), Fla. Const.
[2] We do not pass on the alternative claim made by Baker for summary judgment.
[3] That section provides:

Actions for products liability ... under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.
(Emphasis added.) Section 95.11(3)(a), Florida Statutes (1975), in turn, establishes a statute of limitations which bars negligence actions that are not commenced within four years after the cause of action accrues.
[1] The holding of Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), is properly summarized as: Statute barring plaintiffs' suit against manufacturer, brought more than 12 years after date of sale, unconstitutionally denied plaintiffs access to court under Florida Constitution as applied.
[2] We denied Pullum relief under the holdings of Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980), and Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).