52 F.3d 913
 Prod.Liab.Rep. (CCH) P 14,218
Robert C. MOSHER; Margaret M. Mosher, Plaintiff-Appellants,
v.
SPEEDSTAR DIVISION OF AMCA INTERNATIONAL, INC., f/k/a
Speedstar Division of Koehring Company; Koehring
Company, a Delaware Corporation,
Defendants-Appellees.
 No. 93-3555.
 United States Court of Appeals,
Eleventh Circuit.
 May 19, 1995.
 
 Donald E. Pervis, Bradenton, FL, John P. Graves, Jr., John P. Graves, Jr., Chartered, Sarasota, FL, for appellants.
 Patrick H. Dickinson, Kimberly Carlton Bonner, Dickinson & Gibbons, P.A., Sarasota, FL, for appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before DUBINA and BLACK, Circuit Judges, and MORGAN, Senior Circuit Judge.
 DUBINA, Circuit Judge:
 
 
 1
 Plaintiffs/Appellants Robert C. Mosher and Margaret M. Mosher (collectively "Mosher") appeal the district court's grant of summary judgment on their products liability claim based on the Florida products liability statute of repose, Fla.Stat.Ann. Sec. 95.031(2) (West 1982) (repealed as amended by Laws 1986), in favor of the Defendants/Appellees, Speedstar Division of AMCA International, Inc. and Koehring Company (collectively "Speedstar"). Because the issues presented in this appeal involve questions of state law implicating substantial public policy concerns and because there appears to be conflicting controlling precedents in the divisions of the Florida courts that are dispositive of these issues, we believe the issues are appropriate for resolution by the Supreme Court of Florida. We therefore defer our decision in this case pending certification of the questions to the Supreme Court of Florida. See Varner v. Century Finance Co., 720 F.2d 1228 (11th Cir.1983).
 
 
 2
 We submit the following for consideration by the Supreme Court of Florida.
 
 
 3
 CERTIFICATION FROM THE United States Court of Appeals FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO ARTICLE V, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION.
 
 
 4
 TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:
 
 I. STYLE OF THE CASE
 
 5
 The style of the case in which this certification is made is as follows: Robert C. Mosher; Margaret M. Mosher, Plaintiffs/Appellants v. Speedstar Division of AMCA International, Inc. f/k/a Speedstar Division of Koehring Company; Koehring Company, a Delaware Corporation, Defendants/Appellees (D.C. Docket No. 88-882-CIV-T-99C). This case is assigned number 93-3555 in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Florida.
 
 II. STATEMENT OF THE CASE
 A. Facts and Procedural History
 
 6
 This is the second time this case has been before the Eleventh Circuit. On July 9, 1984, Robert Mosher was operating a well-drilling machine manufactured by Speedstar. When Mosher raised the drill derrick on the drilling rig, the rig came into contact with a 7,200 volt power line running over the drill site where Mosher was working. As a result of the accident, Mosher was seriously injured.
 
 
 7
 Mosher filed suit against Speedstar in June of 1988 on theories of strict products liability, negligent design, and failure to place sufficient warnings at the operator's location. A jury trial resulted in a verdict and judgment for Speedstar, but we reversed the judgment and remanded for a new trial because of an error in the jury instructions. See Mosher v. Speedstar Division of AMCA Int'l, Inc., 979 F.2d 823 (11th Cir.1992) ("Mosher I "). Prior to the appeal of Mosher I, a defense motion for summary judgment based on the Florida statute of repose was denied, and Speedstar did not cross-appeal that decision.
 
 
 8
 After remand, Speedstar made a renewed motion for summary judgment, again based upon the defense that the action is barred by the statute of repose. Specifically, because the drill rig was delivered to Mosher's employer in January of 1973 and Mosher's claim was not instituted until June of 1988, fifteen years after the date of delivery, Speedstar argued that Mosher's claim was time-barred. Speedstar contended that an intervening decision of the Supreme Court of Florida, Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), established that when the twelve-year repose period in the statute of repose has expired, all causes of action accruing during the twelve-year period are barred regardless of any reliance by Mosher on legislation or judicial decisions in effect at the time of the accrual of the cause of action.
 
 
 9
 With "some reluctance," the district court granted summary judgment for Speedstar. The court reasoned:
 
 
 10
 If, as Acosta definitely holds, manufacturers of products acquire a vested right not to be sued for products liability where the repose period has expired, it seems to this court that if this law is to mean what it says, it must not be subject to an exception whereby a litigant can revive a claim already barred by the statute of repose simply by representing that he relied on a [Florida] Supreme Court decision long since overruled in delaying the institution of his action.
 
 
 11
 District Court's Memorandum of Decision at 8. Mosher then perfected this appeal.
 
 
 12
 B. Historical Background: The Florida Statute of Repose
 
 
 13
 Florida's statute of repose, section 95.031(2), was enacted in 1975 and repealed by way of amendment in 1986. While in effect, the statute barred products liability claims that were instituted more than twelve years from the date the product was delivered to its original purchaser, regardless of when the plaintiff's injury actually occurred. In 1980, the Florida Supreme Court in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980), held that the statute of repose was unconstitutional "as applied to this case." In 1985, the Florida Supreme Court receded from Battilla in Pullum v. Cincinnati, Inc., 476 So.2d 657, 659 (Fla.1985), and held that the statute of repose was not unconstitutional. Thus, from 1980 until 1985, the only time constraint applicable to a products liability lawsuit in Florida was the four-year statute of limitations. Later, in 1987, the Florida court held that causes of action previously barred under the statute of repose could not be "resurrected" due to the repeal of the statute. Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 736 (Fla.1987). Thus, because Mosher did not file his claim until 1988, it would appear that his cause of action is barred.
 
 
 14
 Mosher argues, however, that his case falls into a recognized exception to the rule protecting plaintiffs who relied on the Battilla decision that the statute of repose was unconstitutional. This "reliance doctrine" is based on the early case of Florida Forest and Park Service v. Strickland, 18 So.2d 251 (Fla.1944). In Strickland, the court set forth "a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation." Id. at 253. In Frazier v. Baker Material Handling Corp., 559 So.2d 1091, 1093 (Fla.1990), the Florida Supreme Court applied the Strickland exception to the statute of repose, holding that Pullum would not be applied retroactively to plaintiffs who, relying on Battilla, failed to bring their actions within the period allowed by the statute of repose. Mosher contends that his case falls squarely within the reliance exception and therefore is not barred by the statute of repose.
 
 
 15
 Speedstar based their second motion for summary judgment on the Florida Supreme Court's more recent decision in Acosta. In that case, the plaintiff's injury had occurred after the expiration of the twelve-year repose period in the statute of repose. Thus, the issue before the court was whether the repeal of the statute of repose could have the effect of re-establishing a cause of action that had been previously extinguished by operation of law. The court held that it could not, focusing on a party's right to have the repose period become vested once it has completely run and barred the action. Acosta, 612 So.2d at 1364. The court elaborated:
 
 
 16
 We emphasize that our holding in these cases is controlled by the fact that the statute of repose periods in issue had expired prior to the statute's repeal. We also emphasize that this decision does not affect causes of action brought against manufacturers of products where the statute of repose period had not expired at the time the statute was repealed.
 
 
 17
 Id. (emphasis in original). Speedstar argues that Acosta established that the statute of repose barred Mosher's claim regardless of his reliance on Battilla. Mosher counters that Acosta made no mention of the reliance exception, and that the exception would still preserve his claim even after the Acosta decision. Thus, the real issue here boils down to the effect of Acosta on the reliance exception recognized by the Florida Supreme Court in Frazier.
 
 III. DISCUSSION
 
 18
 Mosher argues that the reliance doctrine has never been overruled, modified, or otherwise receded from by the Florida Supreme Court. Mosher points to an affidavit from his counsel stating that at the time of being retained, counsel relied on Battilla, and thus advised his clients that they had four years from the date of the occurrence in which to bring suit. Thus, Mosher asserts that there is no rationale to refuse application of the reliance doctrine to this case. Mosher also argues that Acosta did not modify or alter the reliance doctrine.
 
 
 19
 In Acosta, the supreme court held that the 1986 repeal of the statute of repose did not have the effect of re-establishing a cause of action previously extinguished by operation of law. 612 So.2d at 1363. The court further stated that a party has a "right to have the statute of limitations period become vested once it has completely run and barred [the] action." Id. at 1364 (citation omitted). As Mosher correctly points out, however, the Acosta court did not address or even cite Strickland or the reliance doctrine. Mosher also argues that his claim, unlike the claims involved in Acosta, accrued prior to the expiration of the statute of repose period. Thus, Mosher's claim could not have been "extinguished by operation of law" because the injury occurred during the twelve-year period.
 
 
 20
 The district court recognized Acosta 's silence on the issue of the reliance doctrine. The court observed: "Having placed its stamp of approval on this 'reliance exception' to the general rule in Frazier, the Supreme Court of Florida has made it more difficult for this court to resolve the question of reliance by its failure in Acosta to even mention the subject of reliance and Strickland in which the doctrine had its genesis and the cases which followed Strickland." District Court's Memorandum of Decision at 7. Nevertheless, the district court went on to decide that Acosta foreclosed the reliance exception and that Mosher's claim was barred by the statute of repose. Speedstar argues that the reliance exception is dead because it "appears nowhere in the Acosta analysis and the supreme court's explicit instruction as to the application of the statute omits any 'reliance' factor."
 
 
 21
 Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary Erie[1] "guesses" and to offer the state court the opportunity to interpret or change existing law. Jackson v. Johns-Manville Sales Corp., 781 F.2d 394, 396 (5th Cir.), cert. denied, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). As one member of our court noted in a recent dissent:
 
 
 22
 .. [Certification] is a useful adjudication tool. Only through certification can federal courts get definitive answers to unsettled state law questions. Only a state supreme court can provide what we can be assured are "correct" answers to state law questions, because a state's highest court is the one true and final arbiter of state law. From our perspective, state law is what the state supreme court says it is, and a state supreme court's pronouncements are binding on every state and federal judge.
 
 
 23
 Sultenfuss v. Snow, 35 F.3d 1494, 1504 (11th Cir.1994) (en banc) (Carnes, J., dissenting), cert. denied, --- U.S. ----, 115 S.Ct. 1254, 131 L.Ed.2d 134 (1995).
 
 
 24
 While we could make an Erie guess as to the effect of Acosta on the reliance doctrine, we have determined that the better course is to submit the issue to the Florida Supreme Court.
 
 
 25
 Mosher also argues in this appeal that Speedstar waived its right to address the statute of repose issue by failing to cross-appeal the matter in Mosher I. In support of this contention, Mosher relies on the law of the case doctrine, which provides that an appellate decision becomes the law of the case as to issues actually presented and decided in the former appeal. See Harris v. Luckey, 918 F.2d 888, 892-93 (11th Cir.1990). The doctrine does not apply, as Mosher contends, to preclude further review of issues that should have been raised, but were not. We are persuaded that Mosher's law-of-the-case/waiver argument is without merit.[2]
 
 
 26
 In addition, Mosher asserts that the district court violated the mandate of this court's decision reversing and remanding the case for a "new trial." This argument is also meritless. As the district court recognized, a district court always has the authority to modify its prior rulings to conform to authoritative changes in the law. See U.S. v. North Carolina, 425 F.Supp. 789 (E.D.N.C.1977); Fed.R.Civ.P. 54(b). Thus, we are persuaded that the district court had the authority to consider Speedstar's motion for summary judgment.
 
 
 27
 IV. QUESTIONS TO BE CERTIFIED TO THE SUPREME COURT OF
 
 FLORIDA
 
 28
 (1) After the Florida Supreme Court's decision in Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), does the "reliance exception" recognized in Frazier v. Baker Material Handling, Inc., 559 So.2d 1091 (Fla.1990), still operate to preserve products liability claims that accrued during the statute of repose's period of unconstitutionality?
 
 
 29
 (2) If the "reliance exception" is still viable, could Mosher have justifiably relied on the Florida Supreme Court's decision in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980)?
 
 
 30
 Our statement of the questions is not designed to limit the inquiry of the Supreme Court of Florida. On the contrary,
 
 
 31
 the particular phrasing used in the certified question[s] [are] not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues in the manner in which the answer ought to be given....
 
 
 32
 Martinez v. Rodriguez, 394 F.2d 156, 159 n. 6 (5th Cir.1968).[3]
 
 
 33
 The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.
 
 
 34
 QUESTIONS CERTIFIED.
 
 
 
 [1]
 Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)
 
 
 [2]
 Mosher does not explain his reasoning for requiring Speedstar to cross-appeal the district court's denial of its motion for summary judgment when Mosher was appealing from a jury verdict in Speedstar's favor. See RTC Transp., Inc. v. Conagra Poultry Co., 971 F.2d 368, 374 (9th Cir.1992) ("party cannot appeal a judgment entirely in its favor"); Pearl v. Keystone Consol. Indus., Inc., 884 F.2d 1047, 1053 (7th Cir.1989) ("unless a party requests the alteration of a judgment in its favor, it should not file a notice of appeal or cross-appeal")
 
 
 [3]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981