93 F.3d 746
 Prod.Liab.Rep. (CCH) P 14,708
Robert C. MOSHER; Margaret M. Mosher, Plaintiffs-Appellants,
v.
SPEEDSTAR DIVISION OF AMCA INTERNATIONAL, INC., f/k/a
Speedstar Division of Koehring Company; Koehring
Company, a Delaware Corporation,
Defendants-Appellees.
 No. 93-3555.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 30, 1996.
 
 Donald E. Pervis, Bradenton, FL, John P. Graves, Jr., John P. Graves, Jr. Chartered, Sarasota, FL, for appellants.
 Patrick H. Dickinson, Dickinson & Gibbons, P.A., Kimberly Carlton Bonner, Sarasota, FL, for appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before DUBINA and BLACK, Circuit Judges.*
 DUBINA, Circuit Judge:
 
 
 1
 In this diversity action, Robert C. Mosher and Margaret M. Mosher (collectively "Mosher") appealed the district court's grant of summary judgment on their products liability claim based on the Florida products liability statute of repose, Fla.Stat.Ann. § 95.031(2) (West 1982) (repealed as amended by Laws 1986), in favor of Speedstar Division of AMCA International, Inc. and Koehring Company (collectively "Speedstar"). Because the issues presented by this appeal involved questions of state law implicating substantial public policy concerns and because there appeared to be conflicting controlling precedents in the divisions of the Florida courts that were dispositive of these issues, we certified the following questions to the Supreme Court of Florida:
 
 
 2
 (1) After the Florida Supreme Court's decision in Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), does the "reliance exception" recognized in Frazier v. Baker Material Handling, Inc., 559 So.2d 1091 (Fla.1990), still operate to preserve products liability claims that accrued during the statute of repose's period of unconstitutionality?
 
 
 3
 (2) If the "reliance exception" is still viable, could Mosher have justifiably relied on the Florida Supreme Court's decision in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980)?
 
 
 4
 The Supreme Court of Florida has now answered both questions in the affirmative. Mosher v. Speedstar Division of AMCA Int'l, Inc., 675 So.2d 918 (Fla.1996).
 
 
 5
 In light of the Supreme Court of Florida's opinion, attached hereto as an appendix, we reverse the district court's grant of summary judgment in favor of Speedstar and against Mosher and remand this case for further proceedings consistent with the Supreme Court of Florida's opinion.
 
 
 6
 REVERSED and REMANDED.
 
 APPENDIX
 
 7
 ROBERT C. MOSHER and MARGARET M. MOSHER, Appellants,
 
 
 8
 v.
 
 
 9
 SPEEDSTAR DIVISION OF AMCA INTERNATIONAL, INC., etc., et
 
 
 10
 al., Appellees.
 
 
 11
 [June 27, 1996]
 
 No. 85,745
 Supreme Court of Florida
 
 12
 Donald E. Pervis of Donald E. Pervis & Associates, P.A., Sarasota, Florida; and John P. Graves, Jr. of the Law Offices of John P. Graves, Jr., Chartered, Sarasota, for Appellants.
 
 
 13
 Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellees.
 
 
 14
 GRIMES, Justice.
 
 
 15
 Pursuant to section 25.031, Florida Statutes (1995), and Florida Rule of Appellate Procedure 9.150, the United States Court of Appeals for the Eleventh Circuit has certified to this Court certain questions concerning application of Florida's former statute of repose. We have jurisdiction under article V, section 3(b)(6) of the Florida Constitution.
 
 
 16
 The facts and procedural history which precipitated this lawsuit are set forth in the opinion of the court of appeals:
 
 
 17
 On July 9, 1984, Robert Mosher was operating a well-drilling machine manufactured by Speedstar. When Mosher raised the drill derrick on the drilling rig, the rig came in contact with a 7,200 volt power line running over the drill site where Mosher was working. As a result of the accident, Mosher was seriously injured.
 
 
 18
 Mosher filed suit against Speedstar in June of 1988 on theories of strict products liability, negligent design, and failure to place warnings at the operator's location. A jury trial resulted in a verdict and judgment for Speedstar, but [the court of appeals] reversed the judgment and remanded for a new trial because of an error in the jury instructions. See Mosher v. Speedstar Division of AMCA Int'l, Inc., 979 F.2d 823 (11th Cir.1992) ("Mosher I "). Prior to the appeal of Mosher I, a defense motion for summary judgment based on the Florida statute of repose was denied, and Speedstar did not cross-appeal that decision.
 
 
 19
 After remand, Speedstar made a renewed motion for summary judgment, again based upon the defense that the action is barred by the statute of repose. Specifically, because the drill rig was delivered to Mosher's employer in January of 1973 and Mosher's claim was not instituted until June of 1988, fifteen years after the date of delivery, Speedstar argued that Mosher's claim was time-barred. Speedstar contended that an intervening decision of the Supreme Court of Florida, Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), established that when the twelve-year repose period in the statute of repose has expired, all causes of action accruing during the twelve-year period are barred regardless of any reliance by Mosher on legislation or judicial decisions in effect at the time of the accrual of the cause of action.
 
 
 20
 With 'some reluctance' the district court granted summary judgment for Speedstar. The court reasoned:
 
 
 21
 If, as Acosta definitely holds, manufacturers of products acquire a vested right not to be sued for products liability where the repose period has expired, it seems to this Court that if the law is to mean what it says, it must not be subject to an exception whereby a litigant can revive a claim already barred by the statute of repose simply by representing that he relied on a [Florida] Supreme Court decision long since overruled in delaying the institution of his action.
 
 
 22
 District Court's Memorandum of Decision at 8.
 
 
 23
 Mosher v. Speedstar Division of AMCA Int'l, Inc., 52 F.3d 913, 913-15 (11th Cir.1995).
 
 
 24
 Mosher appealed the district court's grant of summary judgment, and the court of appeals then certified to this Court the following questions:
 
 
 25
 1) After the Supreme Court's decision in Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992), does the "reliance exception" recognized in Frazier v. Baker Material Handling, Inc., 559 So.2d 1091 (Fla.1990), still operate to preserve products liability claims that accrued during the statute of repose's period of unconstitutionality?
 
 
 26
 2) If the "reliance exception" is still viable, could Mosher have justifiably relied on the Florida Supreme Court's decision in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980)?
 
 
 27
 Id. at 917.
 
 
 28
 Florida's former statute of repose, section 95.031(2), Florida Statutes (1985), was enacted in 1974 and barred products liability claims that were brought more than twelve years after the date of delivery of the completed product to the original purchaser, regardless of the date the defect in the product was or should have been discovered. In 1980, this Court issued its decision in Battilla. Battilla held that the statute of repose was unconstitutional as applied because it denied access to courts under article I, section 21 of the Florida Constitution. Battilla at 874. This Court later receded from Battilla and held that the statute was constitutional. Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986). In 1986, the legislature repealed the twelve-year repose provision for products liability actions. Ch. 86-272, § 2, Laws of Fla.
 
 
 29
 The following year, in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla.1987), this Court held that Pullum applied retroactively to cut off a plaintiff's right of action arising during the statute's period of unconstitutionality, where the twelve-year statute of repose had already expired by the time the plaintiff's injury occurred. Melendez, 515 So.2d at 736-37. Melendez applied the general rule that "a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its application unless declared by the opinion to have prospective effect only." Melendez, 515 So.2d at 736-37.
 
 
 30
 In 1990 we issued our decision in Frazier, which recognized that the "reliance exception" set forth in Florida Forest & Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944), applied to certain plaintiffs who, in reliance on Battilla, did not file their products liability actions within the twelve-year period mandated by the statute of repose. In Strickland, a worker's compensation claimant was left without relief when the statute he had relied upon in bringing his claim was extinguished by a subsequent decision of this Court. Strickland held "that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation." Id. at 477, 18 So.2d at 253. Frazier determined that "[a] claimant with a viable cause of action is entitled to rely on the existing law which provides the claimant access to the court" and that the underlying principle in Strickland applied to those plaintiffs with viable causes of action during the statutory period who had relied on our decision in Battilla. Frazier, 559 So.2d at 1093.
 
 
 31
 The first certified question asks us to clarify whether our decision in Acosta vitiated the reliance exception recognized in Frazier. In Acosta, we held that the legislative repeal of the statute of repose in 1986 did not have the effect of reestablishing a cause of action previously extinguished by operation of the statute. Acosta, 612 So.2d at 1363. Our decision in Acosta merely clarified that the legislature's repeal of the twelve-year repose provision did not resurrect products liability claims that had already been barred because the plaintiff's injury had occurred after expiration of the twelve-year repose period.
 
 
 32
 The viability of the reliance exception recognized in Frazier was not affected by Acosta. We did not address or cite to Strickland or the reliance doctrine in our decision in Acosta because they were not applicable under the facts of the case. The plaintiffs' respective causes of action in Acosta arose in 1987, twenty-one years after delivery of the product, and in 1988, seventeen years after delivery of the product. Thus, the twelve-year repose period had already run by the time the plaintiffs in Acosta were injured. Consequently, they never had a viable cause of action under the statute. The plaintiffs in Acosta therefore could not claim that they had relied on the legislative repeal of the statute as the justification for filing their actions outside the twelve-year repose period. We therefore answer the first certified question in the affirmative and hold that following our opinion in Acosta, the reliance exception recognized in Frazier still operates to preserve products liability claims that accrued during the statute of repose's period of unconstitutionality in those cases where the cause of action arose within twelve years of the delivery of the product.
 
 
 33
 We answer the second certified question in the affirmative as well. Mosher was injured in July of 1984, approximately eleven and one-half years after the drilling rig was delivered to Mosher's employer. According to the terms of the statute of repose, Mosher would have had to file his products liability suit by January of 1985 in order to preserve his claim. However, due to our decision in Battilla, as interpreted in Frazier, the only time constraint applicable to Mosher's cause of action at the time he was injured was the four-year statute of limitations. Mosher filed suit in 1988, within the four-year statute of limitations, but by that time fifteen years had passed since the delivery date of the drilling rig. Like the plaintiffs in Frazier, Mosher had no reason to know that our subsequent decision in Pullum would resurrect the statute of repose, thereby cutting off his claim. Mosher thus fell within the category of plaintiffs whose cause of action accrued within twelve years of the date of delivery of the product and while our decision in Battilla was in still in effect. As a matter of law, he was justified in relying on Battilla.
 
 
 34
 We acknowledge Speedstar's claim that Frazier was wrongly decided because it failed to recognize that Battilla only held the statute of repose unconstitutional as applied to cases where the cause of action arose more than twelve years from the delivery of the equipment. Thus, according to Speedstar, the plaintiffs in Frazier could not have relied on the statute of repose being declared invalid in Battilla because their causes of action arose less than twelve years from the delivery of the equipment. However, we necessarily rejected this contention in Frazier because Justice McDonald urged the same point in his dissent.
 
 
 35
 Having answered the certified questions, we return the record to the United States Court of Appeals for the Eleventh Circuit.
 
 
 36
 It is so ordered.
 
 
 37
 KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
 
 
 
 *
 Senior Circuit Judge Lewis R. Morgan heard argument in this case but did not participate in this decision. This decision is rendered by quorum. 28 U.S.C. § 46(d)